### SHEEGOG & WILSON v. A. B. JAMES.

See facts in this case for evidence, which was held sufficient to show that the contract, upon which the suit was based, was a contract between merchant and merchant, and that the protest of the bill of exchange for non-payment, and the notice thereof to the drawers were regular and valid, according to the law of Louisiana, regulating the duties of notaries public, and the manner in which bills and notes may be presented for acceptance and payment in the city of New Orleans.

The court declined to consider an objection, that the commissions to take the depositions of witnesses, were issued within less than five days after the interrogatories were filed, when such objection was not taken in the court below in writing before the depositions were offered in evidence.

ERROR from Washington.    Tried below before the Hon. ·R. E. B. Baylor.

This was a suit brought by the appellee A. B. James, as payee of a bill of exchange, against the appellants George W. Wilson and Bolivar E. Sheegog, as drawers.

Petition filed Sept. 7th, 1855.    Bill sued on was as follows, to wit:

" 2,375 13                        New Orleans, March 8th, 1854.

Twelve months after date, pay to the order of A. B. James two thousand three hundred and seventy-five 13-100·dollars, value received, and charge the same to the account of

                                        SHEEGOG & WILSON.

To Edmund Sheegog, Esq., New Orleans."

Across the face of this bill was written "Accepted, Ed. Sheegog."

A great many defences were pleaded; among· others it was insisted that the contract sued on was not between merchant and merchant, and that the protest and notice of non-payment were not properly made and given so as to bind the drawers.

On the trial, the plaintiff read in evidence the bill of exchange sued on, and the notarial protest, which was as follows, to wit:

                    "United States of America, ⎱
                         ·State of Louisiana.    ⎰

By this public instrument of protest, be it known, that on this

tenth day of March, in the year one thousand eight hundred and fifty-five, at the request of the Merchants' and Traders' Bank of New Orleans, holder of the original draft, whereof a true copy is on the reverse hereof written, I, Hillary Breton Cenas, a notary public, in and for the city and Parish of New Orleans, State of Louisiana aforesaid, duly commissioned and sworn, by my deputy H. L. Swiler, presented said draft to a partner of the acceptor at their office, and demanded payment thereof, and was assured that said acceptor was not then in, and had left no funds to pay the same.

Whereupon I, the said notary, at the request aforesaid, did protest as well against the drawers or makers of the draft, as against all others whom it doth or may concern for all exchange, re-exchange, damages, costs, charges and interest suffered, or to be suffered, for want of payment of the said draft.

Thus done and protested in the presence of A. Commandeur and Chas. F. Barry.

In testimony whereof, I grant these presents under my signature and the impress of my seal of office at the city of New Orleans, on the day and year first above written.

H. B. Cenas, Notary Public."

(Here follows the copy of the bill of exchange as already given.)

" I, the undersigned, notary, certify that the drawers and endorser of the draft, whereof a true copy is embodied in the accompanying act of protest, have been duly notified of the protest thereof, by letters to them by me written and addressed, dated on the day of protest, and served on them as follows:

By depositing that for the drawers in the post office in this city, on the day following this protest, directed to them at Brenham, Washington county, Texas; that for the endorser delivered to himself by my deputy C. F. Barry.

In faith whereof, I certify the foregoing to be a true copy of the original protest, (draft) and certificate, of the manner in which the notices were served, on file and of record in my office. In faith whereof I grant these presents under my signature and seal of office on this nineteenth day of August, 1856.

H. B. Cenas, Notary Public."

The deposition of H. B. Cenas was also read substantially as follows: The draft was duly presented for payment on the 10th day of March, 1855, by his duly appointed and sworn deputy, H. L. Swiler, and the defendants were duly notified of the protest of the draft, by directing a notice to them at Brenham, Washington county, Texas, and depositing the same in the post office in this city in time to go by the first mail leaving thereafter for Texas. It is the custom in New Orleans for notaries to present bills, notes and drafts by a deputy, and by virtue of an act of the Legislature of Louisiana, approved on the 10th day of March, 1844, each and every notary public in New Orleans has the power of appointing one or more deputies to assist him in the making of protests and delivery of notices of protest of bills of exchange and promissory notes, &c., and by virtue of the authority in him vested by said act, he appointed H. L. Swiler his deputy. H. L. Swiler deposed substantially as follows: The draft was duly presented by him for payment as the duly appointed and sworn deputy of Hillary B. Cenas, a notary public in the city of New Orleans, and notice of said protest was given to the defendants in the manner specified in the copy of protest. It is the custom in New Orleans to present bills, notes and drafts by a deputy of a notary, and it is the law also of Louisiana for notaries in New Orleans to appoint deputies to assist them in making demands and protests, and also to assist them in serving notices of protest.

There were no exceptions in writing filed to the issuance of the commission, before the expiration of five days after service of notice for taking the depositions of Cenas and Wilson.

Verdict and judgment for plaintiff; motion for new trial overruled. Writ of error prosecuted by the defendants Sheegog and Wilson.

*Sayles & Bassett*, for appellants. To the deposition of Cenas and Swiler, the defendants offered four objections. 1. The commission to take their depositions was issued within less than five days after the interrogatories were filed and served. The defendants were entitled to five days notice to file cross-interrogatories. (H. D., 725.) Crossing them within that time, did not waive the right to the full five days; (8 T. R., 308.) 2. The evidence of a

notary public, or other public officer, cannot be received to strengthen or to contradict his official certificate. If a question were raised as to the insufficiency of a sheriff's return of process, we apprehend that it would not be competent to show by the sheriff's testimony that the service was good, though the return was bad. The point has been expressly decided in Louisiana, Oakey v. Bank of La., 9 L. R., 234–5. The defendants excepted to that portion of the deposition of the same witnesses going to show the commercial custom of the city of New Orleans, Louisiana, because there was no averment in the plaintiff's petition that such a custom existed there, or that the bill was drawn or payable there, or that New Orleans was in fact in the State of Louisiana. A general custom of merchants throughout the world is the law, and need not be alleged or proven; but the special customs of a particular city, are facts, which, like all other facts, must be alleged, and without an allegation cannot be proven. By offering to prove the existence of the custom in this instance, the plaintiff has admitted that it was a fact material to be proved; and if it was essential to prove it, it certainly was equally so to allege it. The following authorities are deemed decisive: 2 T. R., 525; 9 Wheat., R. 698; 2 Poth. on Obl., 167, 274; Byles on Bills, 61. A bill of exchange is *prima facie* an inland bill; Byles on Bills, 441; and unless this bill had been specially alleged and proven to have been drawn in a foreign city, the custom of no city out of Texas could be proven; 6 T. R. 229; 8 T. R., 205; 15 T. R., 238.

2. The reading of the protest and notarial record, were objected to, 1. Because it appeared therefrom that the presentment for payment had been made by a deputy notary public, who is not authorized by the law merchant to make presentment for protest, or to receive the money. The notary must present the bill in person; he cannot act through a clerk or agent; Chit. on Bills, 217; 3 Kent. Com. 93, note; 3 Hill R., 53; 5 T. R. 267. 2. In this instance the notary certifies that the bill was presented to the acceptor by his deputy Swiler. An officer's certificate as to facts within his knowledge, supplies the place of testimony under oath, but here he certifies to a fact which he could only have known

from the statement of his deputy. If the notary had been on the stand as a witness, such evidence would have been rejected as hearsay; can his certificate give it any higher character? The point has been decided in Louisiana: Duralde v. Guidry, 8 Mart. La. R., 407; where the notary certified that he had sent the notice of protest by private hand; his certificate not being to a fact within his own knowledge, was held to be worth nothing.

BELL, J.   A multiplicity of questions are presented by the record, which we do not deem of sufficient importance to require discussion.

We are of opinion that it is sufficiently shown by the evidence, that the contract upon which the suit is based, was a contract between merchants and merchants, and that the protest of the bill of exchange for non-payment, and the notice thereof to the drawers of the bill were regular and valid, according to the law of Louisiana regulating the duties of notaries public, and the manner in which bills, notes, &c., may be presented for acceptance and payment in the city of New Orleans.

The objection that the commission to take the depositions of the witnesses, Cenas and Swiler, was issued within less than five days after the interrogatories were filed, does not appear to have been taken in writing, before the depositions were offered in evidence, and we do not therefore deem it necessary to consider the objection.

We are of opinion that there is no error in the judgment for which it ought to be reversed.   The judgment of the court below is therefore affirmed.

Judgment affirmed.