THOS. H. GARNER'S ADM'R. v. DANIEL M. CUTLER'S ADM'R.

Objections to the admission of evidence are not available in this court unless they were made in the court below.

A levy upon personal property is, as a general rule, held to be *prima facie* evidence of satisfaction of the execution. But this presumption does not arise when possession of the property remained with the defendant in execution; and it is repelled whenever it is shown that the plaintiff has been prevented, either by the act of the defendant or the operation of law, from reaping the fruits of his levy. - (Paschal's Dig., Note 867, p. 620.)

When two or more executions against a defendant come to the hands of a sheriff, he is required by law to number them in their order of precedence; and, in accordance with such orders, they are entitled to satisfaction out of the property of the defendant. In such case, it is of no importance under which execution a levy and sale are made; the first execution is entitled to the first satisfaction, although the levy and sale be made under a subsequent execution. (Paschal's Dig., Art. 3780, Note 871.)

If all the executions be levied on the defendant's property, the sheriff, for the sake of greater accuracy, should show by his returns upon the subsequent executions that the levies made under them are subject to the priority of those having precedence of them; but a failure of the sheriff to make such showing could not affect the respective rights of the several plaintiffs in execution.

A sheriff's return of an execution is to be regarded as true and correct until the contrary is made to appear. (Paschal's Dig., Art. 3773, Note 866.)

The plaintiff sued upon a judgment, and, in support of his action, introduced as evidence a transcript of the judgment and subsequent proceedings, including an execution issued on the judgment, which was received by the sheriff as execution No. 2, and upon which he indorsed a levy upon real and personal property of the defendant in execution. By a subsequent indorsement the sheriff returned the execution not satisfied, stating in this return that the property levied upon had been sold under execution No. 1, in his hands, in favor of another party, and which exhausted the property. This being all the evidence with respect to the levy, sale, and application of the proceeds, it is *held*, that it was sufficient to prove that the judgment sued on neither was nor should have been satisfied by the levy or its proceeds.

The taking of testimony by depositions being a departure from the common-law rules of evidence, the statutory provisions permitting and regulating it must be fully and fairly, if not strictly, complied with; and, if this be not done, such testimony should be excluded.

The statute which provides for taking depositions requires the party to file interrogatories in the court where the suit is pending, and to cause the opposite party, or attorney, to be served with a copy thereof, and also with

a notice that he will apply for a commission, &c. (Paschal's Dig., Art. 3726, Note 845.) This requirement was intended to secure valuable and important rights to the party in whose behalf it is provided.

If, in the notice for the taking a deposition, the name and residence of the witness have not been truly given, the deposition is not taken in conformity with the statute, and should be excluded on objection properly interposed.

If the deposition have been on file for one day before the trial, the objection should be made in writing, and with notice to the party; and where the objection was sustained by the court below to a deposition so on file, this court will presume that it was made in that manner, unless the contrary appear by the bill of exceptions. (Paschal's Dig., Art. 3742, Note 851.)

In this case depositions were objected to on the ground that the witnesses were not in fact residents of the counties specified in the notice. The party offering the depositions insisted, in the court below, that the question of fact thus raised, and the evidence pertinent to it, should be submitted to the jury along with the depositions themselves and the main issue in the cause. ' But the court below ruled that the question of fact involved in the objection was to be determined by the court, and, accordingly, the proof upon the question was heard by the court, who thereupon sustained the objection, and excluded the depositions from the jury: *Held,* that the statute does not direct the mode in which the question of fact raised by such an objection is to be tried; that, on principle and authority, the objection, being preliminary to the introduction of the depositions and going to their competency and admissibility, was determinable by the court and not the jury, notwithstanding the question of fact involved in its decision. And the proof, though conflicting and contradictory, being sufficient to justify the decision made by the court below, this court will not attempt to determine on which side it preponderated, but sustains both the practice and the ruling of the court below in excluding the depositions.

Evidence tending to show that the persons whose depositions were introduced had been fraudulently personated, or that, in fact, there were no such persons as the pretended witnesses, would, after the depositions had been admitted, be competent evidence to go to the jury. But evidence that there were no such persons as the pretended witnesses would be also competent before the court upon the preliminary question of the admissibility of the depositions, for such evidence would necessarily show that there were no such residents of the particular county where the depositions were taken.

If there has been error in the ruling of the court below, it is the duty of the appellant to put his finger upon it. He must present the facts so as to make the error of which he complains manifest. He cannot expect the court to seek for or to find it by argument and deduction. (Paschal's Dig., Art. 1591, Note 618.)

If the notice of objections to the form or manner of the taking a deposition were not in writing, as required by the 78th section of the act to regulate

proceedings in the district court, but only offered *ore tenus*, when the deposition was presented, the want of such notice should be shown by bill of exceptions.  (Paschal's Dig., Art. 3742, Note 851;  Art. 217, Note 280.)

APPEAL from Leon.   The case was tried before Hon. JOHN GREGG, one of the district judges.

The facts appear in the opinion of the court.

*Hancock & West*, for the appellant.   Under Art. 461, O. & W. Dig., objections of this character (that is, to the residence) go only to the form and manner, and should be in writing.   In Hagerty v. Scott, 10 Tex., 525, the same objection was made, and in the same manner, and the court held, that it was to the manner and form, and should have been in writing, and they go on to use the following language:  "We cannot believe it to be very material where the residence of the witnesses may be, further than to inform the opposite side of his identity."

The case of Craft v. Rains, 10 Tex., 520, is also in point.

The case of Bracken v. Neill, 15 Tex., 109, where the witness was said to reside in one county and his evidence was taken in another, the court held, it only went to the manner and form, and could not be taken wholly on the trial.   (11 Tex., 656, as illustrating the same rule.)

Scott v. Delk, 14 Tex., 344, goes to a still greater length. Under these decisions it is clear that the objection was not taken in the proper manner.

There is a written notice in the transcript of objections to depositions on this ground, but it was not taken to these depositions, but certain depositions (not in the record) that appear to have been taken in Hill county.   That objection was filed on 16th November, 1858; hence the only objections to these depositions were oral, as appears from the bill of exceptions.

If, however, the court did have the right to pass upon it at all in that form, we hold that he decided erroneously, for the weight of evidence (pointed in its character) was

12—XXVIII.

with appellant, and all appellee's evidence was only negative in its character.

If the evidence as to residence were admissible in any view, it could only have been for the purpose of showing that the witnesses were fictitious persons, or assuming false names, and were perjured. ' This, however, would have been a question for the jury to determine when the evidence was before them, and they were the proper judges of that, and not the court. If a fraud had been charged on the appellant and the officer taking the deposition to forge and manufacture evidence, it might possibly have been a question for the court.

But there is no pretence that they were fictitious persons, or that the officer did not honestly take them; they only seek to prove that they do not reside in Johnson county.

*W. D. Wood* and *R. J. Gould,* for the appellee.—There is but one point presented by the various assignments of error, and that is the action of the court in excluding the depositions of Roberts, Smith, and Brown. The appellant, in his bills of exception and assignments of error, seems to hold that the jury should have passed on the admissibility of these depositions. It is always for the court to say whether there is any testimony or not. (1 Greenl. on Evi., § 49.)

The substantial objection to the testimony of these witnesses was not merely as to their place of residence, but whether their whole testimony was not a fabrication and a fraud. This is an objection novel in its character, and we have not found any method prescribed in the books by which it shall be made. It is believed, however, to be an inherent power in courts of justice to prevent the perpetration in open court of a barefaced fraud. A court is said to be a place where justice is judicially administered. To allow fabricated testimony to go to the jury simply because the formalities of the law have been complied with, would

be to make a mockery of courts.   The evidence offered to
the court proved as clearly as practicable that there were
no such persons as the pretended witnesses, except the
witness, Roberts.   It established the fact, that some person
or persons, assuming the names of Brown, Smith, and
Roberts, had appeared before the officers and testified
under their assumed names.

The evidence of plaintiff, attacking the depositions of
these witnesses, had been taken and filed long before the
trial of the cause, and it assuredly would have been an
easy matter for the defendant to have shown the where-
abouts and identity of his witnesses, if, indeed, they had a
residence or existence.

Considering the objection to these depositions as cover-
ing only the point of residence, it is contended that the
residence of the witnesses is material to be known, in order
that the opposite party may be able to locate and identify
them, and if necessary impeach their character.   It is cer-
tainly the right of a party to inquire into the character of
the witnesses against him.   The statute, (O. &. W. Dig.,
Art. 452,) with the view of giving a party an opportunity
of making this inquiry, requires notice to be given of the
residence of the witnesses.   If a false residence be given,
or fictitious names of witnesses are given, the party is
deprived of an opportunity of making this inquiry.   This
is a fraud on his rights, a fraud on the court, and an
attempt, by observing the mere formalities of the law, to
force on the court fabricated testimony.   In this view of
the matter, the objection as to residence comprehends the
objection that the testimony was a fraud, which was in fact
made in the court below.   All the witnesses on the part
of plaintiff were interrogated as to the character of these
men, Smith, Roberts, and Brown, the object of plaintiff
being to impeach their character; but as a false residence
or fictitious names had been given, of course the inquiry
was fruitless.

There is nothing in the record that contradicts the presumption that the objection to these depositions, if regarded as only formal in their character, were made in writing and in due form. If the objection were not made in due form, and the defendant made that point below, which is not the fact, it should appear by his.bill of exceptions or by the record. It is too late to make such a point for the first time in the Supreme Court. (See Chapman v. Allen, 15 Tex., 282.)

MOORE, C. J.—The appellee, Daniel M. Cutler, brought suit, February 5, 1857, in the District Court of Leon county, against the appellant, Thomas H. Garner, for the recovery of an amount claimed to be unpaid on a judgment of the District Court of Houston county, rendered on the 29th day of October, 1847, in his favor, against said Garner. Among other defenses set up by him, the appellant, Garner, plead that said judgment had been fully paid, satisfied, and discharged. On the trial, appellee read in evidence, without objection, a copy of the judgment of the District Court of Houston county, on which his action was founded. From the transcript of the record presented by the appellee, it appears an execution issued on this judgment to the sheriff of Leon county, and was received by him on the 12th day of February, 1847, as execution No. 2. On the 7th of March, 1847, he levied the execution, without reference in the levy to any other execution, on a large amount of both real and personal property. But on the 4th day of April, 1848, he returned it unsatisfied, stating in his return that the property levied upon had been "sold under execution No. 1," in his hands, "in favor of George Hatch."

The judge instructed the jury that the transcript proved the indebtedness of the appellant. One of the grounds assigned for a reversal of the judgment is, that "the court erred in admitting the transcript of the judgment from.

Houston county as evidence of indebtedness, because the execution and sheriff's return thereon show a ·levy and sale and misapplication of the proceeds by the sheriff of an amount that would more than satisfy said judgment."

If there were any force in this objection, having been made for the first time in this court, it could be of no avail to the appellant. But had the objection been properly made in the District Court, we are clearly of opinion that there would still have been no ground for a reversal of the judgment.

It is unquestionably true, that a levy on personal property is, as a general rule, held *prima facie* evidence of satisfaction of the execution. This presumption, however, does not arise where possession of the property remains with the defendant in execution, and it is repelled whenever it is shown that the plaintiff has been prevented, either by the act of the defendant or by operation of law, from reaping the fruits of his levy.

When two or more executions against a party come to the hands of the sheriff at the same time, he is required by law to number them in their order of precedence. The execution in this case is indorsed No. 2. The plaintiff's rights were therefore subordinate to those of the owner of execution No. 1. He could only claim its enforcement after the satisfaction of the first execution. Although it would have been more formal and strictly accurate for the sheriff to have shown in the indorsement on the execution that the levy was made subject to the prior levy (if made) of the first execution, his failure to do so would not change the rights of the parties.

It is, in fact, of no importance under which execution the levy and sale are made. The first execution is entitled to the first satisfaction. The return of a sheriff is to be regarded as true and correct, until the contrary is made to appear. Looking to this, (and it is all that was before the court,) there cannot be the slightest doubt that the execu-

tion was neither satisfied in fact, nor should have been, from the money realized on this levy.

To sustain his main ground of defense, the appellant offered in evidence the depositions of George W. Roberts and William N. Smith, taken in Johnson county, and that of Hiram Brown, taken in Harris county. The appellee objected to these depositions going to the jury, on the ground that said witnesses were not residents of the counties in which their depositions were respectively taken, and in which they were described as residing in the interrogatories propounded to them by appellant. The judge before whom the case was pending refused to submit the question presented by this objection to the jury, holding it, both as to the law and facts, addressed to the court. And, after hearing the evidence offered by the parties, he sustained the objection, and excluded the depositions from the jury. The ruling of the court on this question is complained of in a number of different assignments of error, but they all present substantially the same question, and, in fact, the only question in the case.

The taking of testimony by depositions is a departure from the common-law rules of evidence. It has, therefore, always been held, that the statutory rules permitting the same, must be fully and fairly, if not strictly, complied with, and if this be not done, such testimony unquestionably should be excluded.

The statute prescribes, that the party desiring to take the deposition of a witness, whose testimony may be presented in this manner, shall give notice to the opposite party of the name and residence of the witness whose testimony he proposes to take. This requirement was without doubt intended to secure valuable and important rights to the party in whose behalf it is provided. Without, however, speculating upon these, it is sufficient to say, that if the name and residence have not in fact been given, the deposition is not taken in manner and form as required

by law, and should be excluded for this reason, if objection to it be properly made.

But how must such objection be made? And when its solution depends, not upon an inspection of the deposition and papers in the record, but upon extraneous testimony, by whom is it to be determined? The first of these questions is clearly and fully answered by the statute. If the deposition have been on file one day before the trial of the cause, the objection should be in writing, and notice thereof be given to the opposite party.

Although it is not expressly provided in the statute whether the second question suggested above shall be determined by the court or the jury, it seems quite evident, both on principle and authority, that it may in all cases, if indeed it should not be, by the court.

It presents a preliminary question to the introduction of the evidence, going to its competency or admissibility, and is therefore properly referable to the court, although it may involve a question of fact. It is said, in note 1 to Phil. on Ev., (Cowen & Hill,) that "these cases (citing authorities) hold that it is for the court alone to try and determine the question of competency, both as to the law and the fact, whenever it comes in place of a jury, and a new trial will not be granted where there is a fair conflict of evidence, even though the court may find against a slight preponderance. The ·rule here does not apply, that the court shall decide the law and the jury find the facts."

It is insisted, however, that though questions which go to the form and manner of taking depositions, involving matters of fact, may be determined by the court, yet in this case the ruling of the court was erroneous, because it is based on testimony tending to prove that there were no such persons as named in appellant's deposition; that they were fraudulently personated for the purpose of taking these depositions. It is therefore said, the question goes really to the credibility of the testimony, instead of its

admissibility. If the testimony had gone to the jury, such objections, if supported by evidence, might be urged with the utmost propriety. But this in no way detracts from the right and duty of the court to determine whether the depositions were properly taken. Certainly evidence proving the pretended witnesses to be altogether fictitious personages, and that in fact no such individuals were in existence, would conclusively show they were not residents of a particularly named county. The objection presented by the bill of exceptions applies to a question properly addressed to the court. To this alone can we look.

The evidence offered, although circumstantial and opposed by countervailing testimony of appellant, is sufficient to justify and sustain the judgment. In such cases this court will not canvass it, or attempt to decide on which side it preponderates.

It has also been urged, that the court below could not act on the objection presented in the bill of exceptions, if held to present one going to the form and manner of taking the depositions, because, it is said, the objection to the depositions was not made in writing and notice thereof given before the commencement of the trial, but was made, *ore tenus*, on the offer of the deposition in evidence to the jury. As we have already seen, this exception, if true, and it had been presented in the court below when it was asked to exclude the depositions, would be fatal to the judgment. If there be error, it is the duty of the appellant to place his finger upon it. He must present the facts, so that the error of which he complains is manifest. He cannot ask or expect the court to seek for or find it by argument and deduction.

It is entirely consistent with everything contained in the bill of exceptions, that notice in writing may have been given to appellant of the objections to his depositions. If, however, this were not so, his exception is of a class which is waived if not presented in the court below. If it had

been there made, the appellee might have shown, for aught we can say, that the notice was in fact given, or that appellant had consented to waive it. If he could silently suffer the court to act on the question, and afterwards avail himself of the exception, he would be able to avail himself of the judgment if in his favor, but if against him to reverse it. There being no error in the judgment, it is

AFFIRMED.