## W. P. H. McFaddin et al. v. D. R. Sims.

### Decided October 16, 1906.

**1.—Deposition—Caption—Certificate—Identifying Case.**

When depositions are attached to interrogatories filed in a case, and were taken in obedience to a commission issued out of the court in which the case is pending, and the caption to the interrogatories gives the correct style and number of the case, and the interrogatories and commission both show the court in which said case was pending, and the certificate shows that the deposition was taken in answer to said interrogatories, the case in which the deposition was taken is sufficiently identified.

**2.—Same.**

The certificate of an officer taking depositions should show that the answers of the witness were signed and sworn to by the witness before the officer who took the deposition.

**3.—Reconvention—Burden of Proof.**

When the defendant in an attachment suit reconvenes for damages, the burden is upon him to show that the attachment was wrongfully sued out.

**4.—Pleading Evidence.**

The allegations of defendant in his ·answer, as to his experience as a rice farmer and his knowledge of the cost of making a crop of rice, were, in effect, a pleading of evidence, and should have been stricken out on exception.

**5.—Damage to Crop—Measure.**

The measure of damage to a crop of rice by failure to furnish water to irrigate the same would be the difference between the value of the crop actually raised, less the cost of raising, harvesting and marketing the same, and the value of the crop which would have been raised if properly irrigated, less the cost of raising, harvesting and marketing the same.

**6.—Loss of Attached Property—Liability.**

The plaintiff in attachment would not be liable for the value of a horse, seized by virtue of the attachment, which died while in the possession of the sheriff, unless the attachment was wrongfully sued out, and this though the negligence of the sheriff caused the death of the horse.

**7.—Damage to Crop—Allegation—Proof.**

Allegations by defendant that plaintiffs wrongfully took possession of the crop, and by carelessness damaged the same, will not authorize a recovery upon evidence that plaintiffs took possession of the crop by and with the consent of the defendant for the purpose of gathering it, but damaged the same by negligent methods.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Greers, Nall & Neblett,* for appellant.—That as to the plea in reconvention the burden of proof was on the defendant. Rabb v. White, 45 S. W. Rep., 850; Williams v. Kane, 55 S. W. Rep., 974; Dwyer v. Testard, 1 W. W. Civ. Cases, sec. 1230; Michigan, etc., Co. v. Waco, etc., Co., 54 S. W. Rep., 357; Armstrong v. Ames, 43 S. W. Rep., 302; Frank v. Tatum, 26 S. W. Rep., 902; Blum v. Strong, 71 Texas, 321; First Nat. Bank v. Houts, 85 Texas, 73; Hilliard v. Wilson, 76 Texas, 184.

That the deposition of Nolte should have been suppressed. Sabine, etc., Ry. Co. v. Brousard, 69 Texas, 621; Bush v. Barron, 78 Texas, 8; Wallace v. Byers, 38 S. W. Rep., 228; Southern Pac. R. R. Co. v. Royal, 23 S. W. Rep., 316; Patton v. King, 26 Texas, 687; Emmerson v. McKenna, 16 S. W. Rep., 419.

The finding of the jury must be supported by more than a mere scintilla of evidence, and when the evidence is overwhelming on one side and against the verdict of the jury, it is the duty of the trial court to set aside the verdict on motion for new trial. Chandler v. Meckling, 22 Texas, 42; Galveston, H. & S. A. Ry. v. Bracken, 59 Texas, 75; Dimmit v. Robbins, 74 Texas, 441; Missouri Pac. Ry. v. Somers, 78 Texas, 459; Zapp v. Michaelis, 58 Texas, 270; Short v. Kelly, 62 S. W. Rep., 944; Houston & T. C. Ry. Co. v. Loeffler, 59 S. W. Rep., 652.

When live stock is attached and one head thereof dies without any negligence or fault on the part of the sheriff having the stock in custody, or on the part of the plaintiff in attachment, the alleged or proved value of such live stock so dying can not be charged against the plaintiff in attachment. Girard v. Moore, 86 Texas, 675; Trawick v.

Martin Brown Co., 74 Texas, 525; Tynberg v. Cohen, 24 S. W. Rep., 314.

Facts not alleged can not form basis of a recovery, and where the proof offered by the party making the allegation contradicts the allegation, no recovery can be had on other facts not alleged. Texas & P. R. R. v. French, 86 Texas, 96; Loving v. Dixon, 56 Texas, 75; Bruce v. Kock Dreyfus & Co., 94 Texas, 195.

*Hardy & Hardy,* for appellee.—The record of the notary public taking the depositions of the witness Harry Nolte, in the caption, the certificate and other forms of his actual caption, showed with sufficient certainty to the court that the depositions were the answers of the witness Harry Nolte to the interrogatories propounded, sworn to and subscribed by the said witness before said officer taking the depositions in said cause No. 3707, W. P. H. McFaddin et al. v. D. R. Sims, in the District Court of Jefferson County, Texas. Neill v. Coddie, 26 Texas, 290; Ballard v. Perry, 28 Texas, 362; Houston & T. C. Ry. Co. v. Larkin, 64 Texas, 457; Missouri, K. & T. Ry. Co. v. Hennesey, 20 Texas Civ. App., 320.

PLEASANTS, ASSOCIATE JUSTICE.—Appellants W. P. H. McFaddin, V. Wiess and W. W. Kyle, composing the firm of McFaddin, Wiess and Kyle, brought this suit against the appellee D. R. Sims on an account for rents and for supplies furnished and advances made the defendant while he was a tenant on plaintiffs' farm, the balance claimed to be due on said account being $2,272.23. At the time the suit was filed plaintiffs applied for and procured the issuance of. an attachment which was levied upon 23 mules and 1 horse belonging to the defendant. The mules were sold by order of the court pending the trial of the cause. The horse died while in the custody of the sheriff or his agent.

The answer of the defendant admits a portion of plaintiffs' account to be correct but pleaded in offset thereto several items of indebtedness claimed to be due him by plaintiffs. He also claimed damages on account of the negligent and improper handling of defendant's rice by the plaintiffs and on account of the failure of plaintiffs to comply with their contract to furnish sufficient water to properly irrigate defendant's rice, and further claimed damages both actual and exemplary for the alleged wrongful suing out of the attachment.

A trial by jury resulted in a verdict and judgment in favor of plaintiffs for the sum of $357.03 with foreclosure of the attachment lien.

The first and second assignments of error complain of the ruling of the trial court in not sustaining plaintiffs' motion to suppress the depositions of the witness Harry Nolte. The grounds of this motion are, in substance, that neither the caption of the deposition nor the certificate of the officer by whom the deposition purports to have been taken, sufficiently identifies the case in which it was taken, it not appearing therefrom in what court the case is pending or that it is pending in any court; that the certificate of the officer before whom the depositions purport to have been taken does not show that the answers of the witness were sworn to and subscribed by him before said officer;

and that the answers of the witness to some of the cross-interrogatories propounded by plaintiff are evasive.

The bill of exceptions shows that the caption to the depositions was as follows: "Answers of Harry Nolte to the direct and cross-interrogatories propounded in the case of W. P. H. McFaddin et al. against D. R. Sims, No. 3707, the said Harry Nolte being first duly sworn to make true answers to said direct and cross interrogatories, made his answers as follows." The certificate to the deposition was as follows: "State of Kansas, County of Montgomery—ss. I, the undersigned, Walter Zeigler, a notary public in and for the county of Montgomery, State of Kansas, do hereby certify that Harry Nolte was by me first duly sworn to make true answers to the above and foregoing direct and cross interrogatories, and that his answers as given were reduced to writing and that the same were subscribed and sworn to by said witness. In testimony whereof I have hereunto set my hand and notarial seal this the 22d day of February, 1905. Walter Zeigler, Notary Public. Seal."

These depositions were attached to the direct and cross interrogatories filed in this case and were taken in obedience to a commission issued out of the District Court of Jefferson County in which the suit was pending. We think the caption and certificate of the officer sufficiently identifies the case in which the depositions were taken. The caption gives the correct style and number of the case. The interrogatories and commission both show that the case mentioned in the caption was pending in the District Court of Jefferson County, Texas, and the certificate shows that the depositions were taken in answer to the interrogatories which were filed in said case. A substantial compliance with the statute is all that is required. (Carroll v. Welch, 26 Texas, 147; Houston & T. C. Ry. Co. v. Larkin, 64 Texas, 457.)

A different question is presented by the second objection to the deposition. Article 2284, Revised Statutes, requires the officer taking the deposition to certify that the witness signed and swore to the answers before him. This fact does not appear from the certificate above set out either in express words or by necessary implication from the language used. The certificate recites that the witness was sworn by the officer before the interrogatories were propounded to him, and that his answers were reduced to writing and subscribed and sworn to by him. This is not a statement as required by the statute that the answers of the witness were signed and sworn to by him before the officer. The failure of the certificate to show that the depositions were signed and sworn to by the witness before the officer was a fatal defect and the motion to suppress on this ground should have been sustained. (Chapman v. Allen, 15 Texas, 278; Carroll v. Welch, 26 Texas, 147; Bush v. Barron, 78 Texas, 8.)

We agree with the trial court that the answers of the witness to the cross interrogatories considered as a whole are sufficiently full and show no disposition on his part to evade answering any of the questions propounded to him.

The testimony of this witness was material to the defendant upon one of the main issues in the case and the error of the court in admit-

ting the deposition over the objection of plaintiff requires a reversal of the judgment.

It is unnecessary to discuss the remaining assignments in detail, but for the guidance of the court upon another trial we will in a general way dispose of the questions of law presented by the record.

The burden of proof upon the issue of the wrongful suing out of the attachment was upon the defendant. While it may not have been proper under the evidence to have given any charge upon the burden of proof on this issue it was clearly erroneous to charge that such burden was upon the plaintiffs. (Blum v. Strong, 71 Texas, 321; First Nat. Bank v. Houts, 85 Texas, 73; Bobb v. White, 45 S. W. Rep., 850.)

The allegations in the defendant's answer, that he was an experienced and practical rice farmer acquainted with the growth of rice in its various stages and knows the cost of marketing and harvesting the same and the probable yield of the land rented by him, were immaterial and irrelevant as pleading, and were in effect a pleading of evidence which tended to qualify defendant as an expert and were for that reason improper and should have been stricken out.

The measure of defendant's damage for the failure of plaintiffs to furnish sufficient water to irrigate his crop would be the difference between the value of the crop raised by him less the cost of raising, harvesting and marketing same, and the value of the crop he would have raised if it had been properly watered less the cost of raising, harvesting and marketing. (Dunlap v. Raywood Co., 16 Texas Ct. Rep., 86.)

The plaintiffs would not be liable for the value of the horse which died while in possession of the sheriff unless the attachment was wrongfully sued out, notwithstanding the death of the horse may have been due to the negligence of the sheriff or his agent, and if the item of $125 found by the jury in favor of defendant was intended as a finding for the value of the horse it can not be sustained, because the jury further found that the attachment was not wrongfully sued out.

The allegations of defendant's answer that the plaintiffs forcibly, wrongfully and without his consent entered upon the premises and took possession of his crop and proceeded to gather same and by the careless and reckless manner in which they handled the crop, wasted, destroyed and damaged it to the extent of $2,775, would not authorize a recovery upon evidence showing that plaintiffs took possession of the crop and undertook to gather it with the consent of the defendant, but by their negligent method of gathering it defendant was damaged as alleged. The cause of action alleged is for damages growing out of a tort while that shown by the evidence would arise from a negligent performance of a contract. The charge given by the court upon this issue authorized a recovery upon a different cause of action from the one alleged, and therefore should not have been given.

In view of another trial we refrain from passing upon the assignments which assail the verdict on the grounds that it is unsupported by the evidence and is against the great weight and preponderance of the evidence.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*