J. T. Ellis et al. v. George Lewis et al.

Decided February 8, 1907.

**1.—Deposition—Manner and Form of Taking—Statute Construed.**

Defendant's attorneys at the request of plaintiff's attorneys crossed inter-rogatories to one of plaintiff's witnesses and signed a waiver of notice, etc., and an agreement that a commission might issue at once upon the filing of the original interrogatories, and returned the papers to plaintiff's attorneys; shortly afterwards plaintiff's attorneys decided not to take the deposition of the wit-ness and so informed defendant's attorneys, who thereupon requested the re-turn of the papers to them that they might take the deposition. This was re-fused; defendant's attorneys, after giving notice of their intention, filed copies, which they had retained, of the papers, had a commission issued thereon and the deposition taken. Held, a motion to suppress, made more than a year after the deposition had been filed, based on the above irregularities, came too late, under the provisions of art. 2289, Rev. Stats. Said objections went to the manner and form of taking.

**2.—Same.**

The requirements of article 2289, Rev. Stats., concerning objections to depositions are just and reasonable and should be strictly enforced.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Baldwin & Christian*, for plaintiffs in error.—Inasmuch as the depo-sition of A. J. D. Sapp had been on file more than one entire day before the day on which the case was called for trial, and inasmuch as the objections made to the depositions went to the manner of taking the same, and inasmuch as the counsel for plaintiffs in error were not given notice of the objections prior to the commencement of the trial, the motion to suppress said depositions came too late, and should not have been considered by the trial court, and the trial court erred in considering said motion and in suppressing said depositions. Revised Statutes, art. 2289; Grigsby v. May, 57 Texas, 255; Mann v. Mathews, 82 Texas, 98; Galveston, H. & S. A. R. R. Co. v. Briggs, 4 Texas Civ. App., 517; Hill v. Smith, 6 Texas Civ. App., 312; Houston & T. C. R. R. Co. v. Burke, 55 Texas, 323; Neyland v. Bendy, 69 Texas, 711; Missouri Pac. R. R. Co. v. Ivy, 71 Texas, 409; McMahan v. Veasey, 60 S. W. Rep., 333; Taylor, B. & H. Ry. Co. v. Warner, 60 S. W. Rep., 443; St. Louis S. W. R. R. Co. v. Harkey, 88 S. W. Rep., 507.

An objection that the party had no notice of the filing of interroga-tories is one going to the manner and form of taking. Mann v. Math-ews, 82 Texas, 99; Grigsby v. May, 57 Texas, 255.

*Clement & Garner* and *Geo. W. Graves*, for defendant in error.—The trial court properly excluded the depositions, for the reason that they were taken without authority of law, and were therefore void. The vice was in the depositions themselves; not merely the form or manner of taking them.

Hereunder we make the following subsidiary propositions:

1. The retaking of depositions must be authorized by a previous order of the court, else they will not be admitted. Evansich v. Gulf, C.

& S. F. Ry., 61 Texas, 24; White v. Houston & T. C. Ry., 46 S. W. Rep., 384; Weeks on the Law of Depositions, sec. 534; 13 Cyc., pp. 975-7 (sec. 4).

2. At least it is within the discretion of the trial court to suppress such depositions. White v. Houston & T. C. Ry., 46 S. W. Rep., 384.

3. The waiver relied on by defendants was without legal effect, because it was never presented to the clerk nor the court nor filed as required by Rule 47 of the District Court. Rule 47, District Court, 20 S. W. Rep., XV; Willis v. Sims, 47 S. W. Rep., 56; Meyer v. Smith, 21 S. W. Rep., 996; Waters v. Kauffman, 3 S. W. Rep., 467.

4. A deposition taken without authority of law may be suppressed after trial is begun. Sparks v. Taylor, 87 S. W. Rep., 742; 13 Cyc., 1012 (sec. 3).

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the defendants in error against plaintiffs in error to recover the William Lewis 320 acres survey in Harris County. The defendants in the court below sought to defeat recovery by plaintiffs, who claimed title as heirs of William Lewis who lived in Fayette County, Texas, by showing outstanding title in the heirs of another William Lewis who lived in Jasper County, Texas. The only fact issue in the case is as to the identity of the William Lewis to whom the land was originally granted.

This is the second appeal of the case. The opinion on the former appeal, rendered by the Court of Appeals for the Fourth District, is reported in 10 Texas Ct. Rep., 833.

In support of their claim of outstanding title the defendants introduced the deposition of a witness named Sapp who testified that he knew William Lewis of Jasper County in 1838, and further testified to facts tending to show that the land in controversy was granted to this William Lewis.

Sometime before the second trial of the cause, from which this appeal is prosecuted, the plaintiffs' attorneys presented to the attorney for defendants interrogatories propounded by plaintiffs to said witness Sapp and requested defendants' attorneys to prepare cross interrogatories and to sign a waiver of notice and service of copy of said interrogatories and an agreement that a commission might issue at once upon the filing the original interrogatories. Defendants acceded to this request, prepared cross-interrogatories and attached same to the direct interrogatories and signed the waiver and agreement and returned the papers to plaintiffs' attorneys. Shortly after these interrogatories were delivered to plaintiffs' attorneys they informed the attorneys for defendants that they had decided not to take the deposition. Whereupon defendants' attorneys requested that the interrogatories and agreement be returned to them so that they could have the deposition taken in accordance with their said agreement. This request was denied, and they then informed plaintiff's attorneys that they had a copy of the interrogatories and the agreement which they proposed to file and have commission issued thereon and the deposition taken.

This was done, and the deposition so taken was filed in the trial court on May 12, 1905, where it remained with the papers in the cause until

the trial when defendants offered it in evidence. When so offered plaintiffs objected to its introduction and moved to suppress upon the following grounds:

"Now come the plaintiffs in this cause and move the court to suppress and reject the purported deposition of A. J. D. Sapp purporting to have been taken before E. L. Warrendorf, notary public of Harris County, Texas, on May 3, 1905, and filed in this cause October 2, 1905, for the following reasons, to wit:

"1. Said deposition was not taken by these plaintiff nor their attorneys nor upon their authority.

"2. They were not taken upon original interrogatories nor waivers signed by these plaintiffs nor their attorneys, and the purported direct interrogatories attached thereto were not signed by these plaintiffs nor their attorneys, nor by their authority and no precept nor other written notice of taking such deposition was ever served on plaintiffs or their attorneys, and no original interrogatories signed by them were ever filed in this cause.

"3. That neither these plaintiffs nor their attorneys ever signed said purported waiver to said deposition, nor any waiver with cross-interrogatories attached thereto.

"4. That said witness Sapp in said deposition has declined and evaded answering the purported direct interrogatories of plaintiffs, that the offering of said deposition in evidence by defendants was the first notice to plaintiffs that same had been taken and plaintiffs are informed by the clerk that no original interrogatories are on file.

"Wherefore plaintiffs move the court to suppress and cast out said purported deposition."

To this motion defendants answered in substance that it came too late, the deposition having been on file for more than one year and the motion to suppress not having been filed until said depositions were offered in evidence. The trial court sustained plaintiffs' motion to suppress the deposition and this ruling is complained of under appropriate assignment of error.

The record shows that the deposition had been on file for a year or more before the trial and no motion to suppress was filed until it was offered in evidence. The materiality of the excluded testimony is apparent and is not questioned by defendants in error. It further appears from the record that the discretion of the trial court to refuse to allow the defendants below to introduce in evidence a second deposition of a witness whose deposition previously taken had already been put in evidence by them was not exercised nor invoked. The court suppressed the deposition on the ground, as stated by him, that "he knew of no law that permitted a party to a suit to take depositions upon copies and that inasmuch as said depositions were, as shown from said answer (of defendants to the motion to suppress) taken without any authority of law, they should be quashed."

We think the objection to the deposition on the grounds stated in the motion to suppress is an objection to the form and manner of taking, and the motion not having been made within the time required by article 2289 of the Revised Statutes should have been overruled.

It seems to be settled that any objection to a deposition based on a

failure to comply with the statutory requirements in the filing of interrogatories, the issuance of commission and the taking and return of the answers of the witness, or upon the form of the questions or the failure of the witness to answer interrogatories, is an objection to the form and manner of taking as that term is used in the statute above mentioned. (Sheegog v. James, 26 Texas, 501; Galveston, H. & S. A. Ry. Co. v. Briggs, 4 Texas Civ. App., 517; Garner v. Cutler, 28 Texas, 175; Jones v. Ford, 60 Texas, 127; Lee v. Stowe, 57 Texas, 444.)

From the authorities cited we deduce the general rule that all objections to the deposition of a witness except such as challenge the admissibility of the testimony because of its intrinsic character or on account of the incompetency of the witness, must be made in accordance with the provisions of the article of the statute before cited.

We do not think these conclusions conflict with the rule announced in Sparks v. Taylor, 87 S. W. Rep., 742. In that case the plaintiff took the ex parte deposition of one of the defendants. After the answers of the witness in response to the interrogatories attached to the commission had been made the officer taking the deposition permitted an attorney for the defendant-witness to propound a number of oral questions and attached the answers of the witness thereto to the deposition. These answers were excluded by the trial court on objection made during the trial of the case, and the ruling was sustained by the Appellate Court on the ground that the objection was not to the deposition itself nor to the form and manner of taking it, but to extraneous matter appended thereto and which had no proper connection therewith.

The requirement of the statute that objection to the form and manner of taking depositions must be made before the trial of the case begins, and must be passed upon at the first term of the court after the deposition is filed, is a just and reasonable requirement and one which should be strictly enforced. If the offered testimony is admissible and material and the witness competent the party benefited thereby is entitled to have a reasonable opportunity to procure it and this is not afforded unless technical objections to the form and manner of the witness are promptly made as required by the statute so that if sustained the party offering the testimony may by continuance of the cause have time to retake the deposition.

We shall not discuss the remaining assignments of error, all of which we have duly considered. In our opinion none of them should be sustained.

Because of the error in the ruling of the court above discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*