MARSHALL & E. T. RY. CO. v. PETTY.†

(Court of Civil Appeals of Texas. Texarkana. March 13, 1912. Rehearing Denied March 21, 1912.)

1. DEPOSITIONS (§ 107*) — OBJECTION TO FORM—TIME OF TAKING.

Sayles' Ann. Civ. St. 1897, art. 2289, provides that, when a deposition shall have been filed in the court at least one entire day before that on which the case is called for trial, no objection to the form thereof shall be heard, unless notice thereof is given to the opposite

counsel before trial commences, providing the objection shall be made and determined only at the first term after it is filed. *Held,* that a motion to suppress depositions for defects in form, made after the parties had announced ready for trial and after the jury was impaneled, but before trial, was too late.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 309–319; Dec. Dig. § 107;* Trial, Cent. Dig. § 189.]

2. DEPOSITIONS (§ 83*)—OBJECTION TO ADMISSION.

A motion to suppress a deposition, if considered as an objection to its admission as evidence, was premature where made before trial, as objection to its admission should only be made when offered in evidence at the trial.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 219–226; Dec. Dig. § 83.*]

3. RAILROADS (§ 350*)—INJURIES ON RIGHT OF WAY — JURY QUESTION — CONTRIBUTORY NEGLIGENCE.

In an action against a railroad company for injuries by striking timbers of a railroad bridge while riding under it on a public highway, whether plaintiff was himself negligent *held* a jury question.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

4. NEGLIGENCE (§ 68*) — "CONTRIBUTORY NEGLIGENCE"—TEST.

The test of contributory negligence is whether a person of ordinary prudence would have so acted in the same situation; it being "contributory negligence" if one of ordinary prudence would not have so acted.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 92; Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 2, pp. 1540–1547; vol. 8, p. 7617; vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by J. M. Petty against the Marshall & East Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. Beard & Davidson, of Marshall, for appellee.

HODGES, J. The appellee recovered a judgment against the appellant in the court below for the sum of $2,500 for personal injuries sustained while attempting to ride under a railway bridge constructed over a public highway along which the appellee was traveling on horseback. The principal facts are fully stated in an opinion by Justice Levy upon a former appeal of this case. See Railway Co. v. Petty, 134 S. W. 406.

[1, 2] The first error assigned complains of the ruling of the court in refusing to suppress what is termed a second deposition of the plaintiff in the suit. The record shows that after the parties had announced ready for trial and the jury had been impaneled, and before the trial began, the appellant presented the following motion: "Now comes defendant and moves the court to suppress and quash the deposition of J. M. Petty May, 1911, because no consent of the court has been obtained and the witness is a party to the suit and testified heretofore fully as to how the accident occurred. Because the court had held that the point is matter of law, then he should not be allowed to change the meaning or effect of his testimony as to the vital point. We do not ask to suppress the portion as to the extent of the injury." It appears that this motion was not filed till the day of the trial. If it should be treated as a motion to suppress the deposition on account of its form or the manner of its taking, it was filed too late. Rev. Civ. St., art. 2289; Ellis v. Lewis, 45 Tex. Civ. App. 248, 100 S. W. 189, and cases there cited. If the motion was intended as an objection to the admissibility of the deposition as testimony, the objection was premature and otherwise insufficient. The court cannot be called upon at that stage of the trial to pass upon the admissibility of testimony, but should wait till it is offered in evidence. When offered, no objection, except such as attacks the admissibility, can be considered. In sustaining the objection to such testimony at the proper time, the court does not suppress the deposition, but merely excludes that portion to which the objection relates. When the deposition referred to in the motion was later offered in evidence upon this trial, no objection was made. It therefore appears in the record as having been admitted without objection on the part of the appellant. The assignment is without merit.

[3] It is contended by the appellant that the evidence shows that the appellee was guilty of contributory negligence in undertaking to ride under the bridge at the time and under the circumstances. In detailing the circumstances attending the injury, appellee testified substantially as follows: That he was 79 years old, and that his sight was not good. He was traveling along the road, riding on his horse, and as he approached the bridge was leaning slightly forward in his saddle. He could see the bridge in a general way. He saw numerous horse and wagon tracks ahead of him, and it appeared to him, without making any close inspection, that he could ride under the bridge, as it appeared the rest of the people had been doing so. While so riding under the bridge, some heavy piece of timber, or hard substance, struck him a violent blow upon the head, from which his injuries resulted. He had no previous information as to the condition of the bridge; had not been along there in some time. He was sitting in his saddle inclined a little forward, somewhat stooped, when his head and neck struck the timber of the bridge. In another portion of his testimony he said that he saw the bridge in a general way, just as he could see anything else that he had no special occasion to observe. "I mean," said he, "by the term, 'in a general way,' that I did not observe the bridge as to its length or height or dimen-

---

sions; I did not notice the size or height of the timbers composing same, nor its distance from the ground. I thought 1 could ride under it because the road ran under it; that is, if I gave the matter any thought." There was other testimony showing that the place where this bridge was constructed was at the point where a creek ran beneath the railway track; that it was also used as a passageway by the public, the road in question being a public highway. By reason of the washings accumulating from the surrounding territory, the space beneath the bridge had been filled till, according to the testimony of one witness, the distance from the bridge timbers to the ground was about six feet. The timbers would strike the plaintiff about the chin if he was sitting upon a horse of ordinary size.

[4] It must be conceded that the appellee was aware of the proximity of the bridge and that he had to pass under it. He must therefore be charged ·with such knowledge of its distance from the ground as a general observation by a man of his age and condition would, in the exercise of ordinary prudence, be expected to obtain. The issue of contributory negligence must then be determined by what a person of ordinary prudence, in the same situation, would have done. If, knowing the situation, the danger was so imminent that a person of ordinary prudence would not have undertaken to ride under the bridge, then the appellee would not be entitled to recover, for the reason that he would be guilty of contributory negligence as a matter of law. The issue was submitted to the jury in a charge of which no complaint is made. We cannot say that the appellee took a hazard which ordinary prudence forbade; that was a question for the jury to determine from all the facts and circumstances involved in the case. Railway Co. v. Gasscamp, 69 Tex. 545, 7 S. W. 227; Lee v. I. & G. N. Ry. Co., 89 Tex. 588, 36 S. W. 65; Denison v. Sanford, 2 Tex. Civ. App. 661, 21 S. W. 785.

The remaining assignments of error are overruled.

The judgment of the district court will be affirmed.