### BANKERS MULTIPLE LINE INSURANCE COMPANY, Appellant,

#### v.

### A. J. GORDON, Individually and d/b/a Gordon & Company, Appellee.

#### No. 15124.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 7, 1967.

Bryan & Patton, Chilton Bryan, J. H. Westmoreland, Houston, for appellant.

Charles O. Melder, Houston, for appellee.

COLEMAN, Justice.

This is a suit on a debt. The principal questions involved are whether it is reversible error to require the plaintiff to proceed to trial before the court without a jury in a case where a demand for a jury was made and the jury fee paid more than ten days prior to the day on which the case was set for trial, there being no waiver of the right to jury trial, but where the court directed a verdict for the defendant, and whether it is error to refuse to admit an unsigned deposition into evidence on objection during trial there being no compliance with Rule 212, Texas Rules of Civil Procedure.

The case was set for December 5, 1966. Twelve days prior to this date plaintiff paid the jury fee as required by Rule 216, Texas Rules of Civil Procedure. The case was called for trial on December 6, 1966, at which time plaintiff filed a sworn motion to have the case transferred to the jury docket, which alleged that the jury fee was paid on November 23, 1966, and that this fact was called to the attention of the Presiding Judge at the call of the docket on December 2, 1966. The motion was denied.

The case went to trial before the court. The plaintiff offered in evidence the deposition of E. M. Goodman, and the defendant objected to the deposition in its entirety because it was not signed by the witness. The objection was sustained. The notice of intention to take depositions recited the name of the witness to be G. M. Goodman, but the interrogatories show that the name of the witness answering the interrogatories was Eugene M. Goodman, assistant treasurer of plaintiff company. An affidavit to the sworn account attached to plaintiff's petition and to the deposition was signed by G. M. Goodman, Ass't Treasurer.

The plaintiff next offered the deposition of William A. Laing. The first five questions inquired about the name and employment of Wm. A. Laing. Question No. Six was objected to on the ground that it was leading and assumed facts not in evidence. This objection was sustained. The Question No. Seven was objected to because it was based upon a positive answer to Question No. Six, and was hearsay. This objection was sustained. Thereafter objections were sustained to the remaining questions and answers on the basis that the questions

assumed facts not in evidence and were based on questions not answered.

Plaintiff next offered in evidence interrogatories directed to Eugene M. Goodman together with the answers and exhibits attached thereto. This testimony was refused on the objection that the deposition was not signed by the witness. The envelope offered by plaintiff on his Bill of Exceptions shows that this deposition was received by the District Clerk and filed on December 6, 1966. After offering some requests for admissions of facts and the defendant's answer denying same, the plaintiff rested and the trial court promptly announced that judgment would be rendered for the defendant.

■ Since plaintiff had seasonably demanded a jury and had paid the jury fee, he was entitled to a trial before a jury. There is no evidence to support an implied finding that he waived his right to a jury trial. The action of the trial court in proceeding to trial without a jury was error. The mere denial of this right raises an inference of probable harm. Texas & Pacific Railway Company v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528 (1958); Mason v. Tobin, 408 S.W.2d 243 (Tex.Civ.App., Houston 1966, n. w. h.); Meyer v. Henery, 400 S.W.2d 933 (Tex.Civ.App., Austin 1966, n. w. h.); Barker v. Kidd, 357 S.W.2d 490 (Tex.Civ. App., Austin 1962, n. w. h.).

The deposition of E. M. Goodman first offered in evidence by the plaintiff had been on file in the office of the District Clerk of Harris County, Texas, since July 15, 1966. Defendant filed no motion to suppress this deposition, but was content to wait until it was offered into evidence and then objected to its admission on the ground that it was not signed by the witness. Appellee contends that the trial court's action in sustaining this objection is supported by Thompson v. Haile, 12 Tex. 139 (1854); Bush v. Barron, 78 Tex. 5, 14 S.W. 238 (1890); Emberson v. McKenna, 16 S.W. 419 (Tex.Civ.App.1890); Missouri, K. & T. Railway Co. of Texas v. Graves, 57

Tex.Civ.App. 395, 122 S.W. 458 (1909); McFaddin v. Sims, 43 Tex.Civ.App. 598, 97 S.W. 335 (1906); and Tian v. Warren, 271 S.W.2d 453 (Tex.Civ.App., San Antonio 1954, writ ref., n. r. e.).

Rule 212, Texas Rules of Civil Procedure, provides:

"When a deposition shall have been filed in the court at least one entire day before the day on which the case is called for trial, no objection to the form thereof, or to the manner of taking the same, shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences."

This rule was taken verbatim from Article 3765, Revised Civil Statutes of 1925, except that the last sentence of this article has been omitted. This sentence reads: "Such objection shall be made and determined at the first term of the court after the deposition has been filed, and not thereafter." This statute was first enacted in 1846, the quoted sentence having been added by amendment in 1893. Mayton v. Sonnefield, 48 S.W. 608 (Texas Civil Appeals 1898).

■ It is clear that objections to the manner and form of taking of depositions must be made in writing in advance of the trial if the deposition has been on file for one entire day before the day of the trial. Houston & T. C. R. Co. v. Haberlin, 104 Tex. 50, 133 S.W. 873 (1911); Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939). The cases cited by appellee establish the proposition that a failure of the witness to sign the deposition, in the absence of an agreement to waive the requirement, is a good ground for a motion to quash the deposition. None of the cases, insofar as can be determined from the opinion, deal with the situation covered by Rule 212, i. e., an oral objection, or motion to suppress, the deposition presented during the trial despite the fact that the deposition was filed months before the trial.

The question to be determined is whether the signature of the witness comes within the meaning of the words "form thereof, or to the manner of taking the same" as used in Rule 212. In Ellis v. Lewis, 45 Tex.Civ. App. 248, 100 S.W. 189 (1907), opinion by Justice Pleasants, the court said:

"It seems to be settled that any objection to a deposition based on a failure to comply with the statutory requirements in the filing of interrogatories, the issuance of commission and the taking and return of the answers of the witness, or upon the form of the questions or the failure of the witness to answer interrogatories, is an objection to the form and manner of taking as that term is used in the statute above mentioned. Sheegog v. James, 26 Tex. 501; Galveston, H. & S. A. Railway Co. v. Briggs, 4 Tex.Civ. App. 515, 517, 23 S.W. 503; Garner v. Cutler, 28 Tex. 175; Jones v. Ford, 60 Tex. 127; Lee v. Stone, 57 Tex. 444. From the authorities cited we deduce the general rule that all objections to the position of a witness, except such as challenge the admissibility of the testimony because of its intrinsic character or on account of the incompetency of the witness, must be made in accordance with the provisions of the article of the statute before cited. * * * The requirement of the statute that objection to the form and manner of taking depositions must be made before the trial of the case begins, and must be passed upon at the first term of the court after the deposition is filed is a just and reasonable requirement and one which should be strictly enforced. If the offered testimony is admissible and material, and the witness competent, the party benefited thereby is entitled to have a reasonable opportunity to procure it, and this is not afforded unless technical objections to the form and manner of the witness are promptly made as required by the statute, so that, if sustained, the party offering the testimony may by continuance of the cause have time to retake the deposition."

See also Irons v. Bias, 92 W.Va. 236, 114 S.E. 566 (1922).

McCrary v. Greer, 242 S.W.2d 652 (Tex. Civ.App., San Antonio 1951, n. w. h.), opinion by Justice Norvell, ·while not directly in point, appears to be persuasive. There a deposition was taken in accordance with a stipulation providing that after the stenographer taking the deposition had transcribed the questions and answers, "the said deposition may be carefully read over by said witness and by him subscribed and sworn to before any officer authorized to administer oaths." The witness signed a statement saying that he had read the questions and answers contained in the deposition and that the same were true and correct and swore to the statement before a notary public. The trial court ruled that the provisions of the stipulation were substantially complied with. The Court of Civil Appeals held that this ruling was correct, and, further, stated: "* * * the objections raised by defendant went to matters of form, and objections based upon such grounds should have been made before the trial commenced, as required by Rule 212, Texas Rules of Civil Procedure; Page v. Hancock, Tex.Civ.App., 200 S.W.2d 421, 425."

This question was directly presented to the United States Court of Appeals, Ninth Circuit, in Valdez v. United States of America, 326 F.2d 598 (1963). In this case error was assigned by reason of the admission into evidence of an unsigned deposition. Rule 30(e), Federal Rules of Civil Procedure, is quite comparable to Rule 209, T.R.C.P., requiring a witness to read and sign his deposition. Rule 32(d), F.R.C.P., is comparable to Rule 212, T.R.C.P. In this case the appellant knew that the deposition had not been signed, but he failed to make a motion to suppress until after two days of trial. The court held:

"In our judgment this did not comply with the requirement of Rule 32(d) that to avoid waiver of such irregularities in a deposition an objecting party must

move to suppress the deposition 'with reasonable promptness after such defect is, or with due diligence might have been, ascertained.' "

The St. Louis Court of Appeals, Missouri, held that the deponent's signature to his deposition is a matter primarily of form. Will Doctor Meat Co. v. Hotel Kingsway, 232 S.W.2d 821 (1950).

Hoyberg v. Henske, 153 Mo. 63, 55 S.W. 83 (1899), holds that signatures of the witnesses, notice of taking of deposition, and authentication by the notary are matters of form which are waived in the absence of a timely motion to suppress.

■ Appellee contends that in any event the court's action in refusing to admit this deposition is not error because of the variance in first initial of the name of the witness as found in the notice and affidavit of the notary from that of his first name as found in his testimony. An objection on such ground, had it been made at the trial, should not have been sustained, since this objection, also, goes to the manner and form of taking and returning the deposition into court. Jones v. Ford, 60 Tex. 127, 131 (1883); Missouri Pac. Ry. Co. v. Smith, 84 Tex. 348, 19 S.W. 509 (1892). In the later case the Supreme Court said:

"It is also complained that the court erred in excluding the deposition of one E. T. Van Vorhis, offered in evidence by the defendant. The notice of the filing of the interrogatories and the commission to take the deposition gave the name of the witness as 'E. T. Van Horn.' The answers were signed, 'E. T. Van Vorhis.' The objection was based upon this discrepancy. The deposition had been on file several months when the case was called for trial. That an objection of this character is to 'the manner and form' of taking the deposition, was, in effect, decided in the case Jones v. Ford, 60 Tex. 127. After the trial had begun it came too late, and it should have been overruled. The object of the statute which requires an objection to the manner of taking a deposition, which has been on file one day before the trial, to be made in writing before the trial commences, (Rev.St. art. 2235,) was to relieve parties from the necessity of suppressing depositions taken in their own behalf, and to enable them to go to trial relying upon their admissibility, unless notified that they were objected to by the opposite party. The rule prevents surprise by enabling a party whose depositions have been quashed to move for a continuance before announcing ready."

The trial court erred in excluding the deposition. The trial court also erred in excluding the deposition testimony of the witness Laing for the reason that the objections were to matters of form rather than to the intrinsic character of the testimony. Houston & T. C. R. Co. v. Haberlin, 104 Tex. 50, 133 S.W. 873 (1911); National Life & Acc. Ins. Co. v. Hanna, 195 S.W.2d 733 (Tex.Civ.App., Dallas 1946, writ ref., n. r. e.); Texas & P. Ry. Co. v. Mix, 193 S.W.2d 542 (Tex.Civ.App., El Paso 1946, n. w. h.).

The errors of the Trial Court in denying appellant a jury trial and in suppressing the depositions require that this case be reversed and remanded for a new trial.

Reversed and remanded.

PEDEN, J., not participating.