HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. G. W. HABERLIN.

No. 2069.    Decided January 25, 1911.

**1.—Charge—Assumed Risk—Contributory Negligence.**

A charge correct in law, in directing a verdict for defendant on the finding of certain facts, is not ground for reversal though the defense could be supported by a finding of fewer facts than were embraced in the hypothesis submitted. The defect is one of mere omission, unavailable in the absence of a requested charge. (P. 55.)

**2.—Same—Case Stated.**

In an action by a railway engineer for injuries by explosion of the fire box of a locomotive, alleged to have been caused by defects therein, a charge submitting defendant's plea of contributory negligence which directed verdict for defendant if plaintiff allowed the water to get too low in the boiler and turned fresh water upon the overheated metal, causing the explosion, and his act in so doing was found by the jury to be negligence, did not contain affirmative error though such act should be considered to be negligence in law and a finding that it was negligence held to be unnecessary. (Pp. 54, 55.)

**3.—Charges to be Construed Together.**

Instructions to find for plaintiff in the event certain facts were found to exist, unless there was also a finding for defendant on the "issues" of contributory negligence, two such issues being submitted, was not erroneous as requiring the establishment of both such defensive issues to defeat plaintiff's case, where elsewhere in the charge such pleas were submitted with direction to find for defendant if either was established. (P. 55.)

**4.—Evidence—Deposition—Interrogatories—Objections.**

Only the objections urged to the admission of testimony in the trial court will be considered on appeal. Those not made are regarded as waived. An objection to a question and answer that it calls for the conclusion of the witness as to the truth or falsity of matters alleged in the pleading, does not raise the question whether the answer is responsive. This, where the testimony is by deposition, must be taken in advance of the trial and in writing. (P. 57.)

**5.—Same.**

An interrogatory, reciting certain allegations in the pleading in regard to the condition of machinery, asked the witness whether they were true or false, and for his reasons for such conclusion. His answer that they were false was a conclusion of the witness properly rejected on objection made on such ground at the trial; but his further answer giving facts observed on inspection of the machinery made by him was admissible. If it was not responsive to the question that objection was waived. (Pp. 56, 57.)

Certificate of dissent from the Court of Civil Appeals, Third District, in an appeal from Travis County.

*Baker, Botts, Parker & Garwood* and *Gregory, Batts & Brooks* for appellant.—The rejected testimony was relevant and material, as a whole, to the issues made by the pleadings and submitted to the jury in the charge of the court; and, as the objections that were sustained to it went only to the form of the depositions in which the evidence was contained, and were not in writing and were not presented within the time prescribed by the statute, the court erred to the prejudice of appellant in refusing to permit the testimony to be read in evidence to the jury. Rule 58 for the District and County Courts; Revised Civil Statutes, art. 2289; Wade v. Love, 69 Texas, 525; Railway Co.

v. Ivy, 71 Texas, 409; Neyland v. Bendy, 69 Texas, 713; Mills v. Herndon, 60 Texas, 358; Missouri P. Ry. Co. v. Smith, 84 Texas, 348; Lee & Co. v. Stowe, 57 Texas, 450; Scalf v. Collin County, 80 Texas, 517; International, etc., R. R. Co. v. Collins, 33 Texas Civ. App., 58; Lott v. King, 79 Texas, 299; Fort Worth, etc., Ry. Co. v. Thompson, 75 Texas, 503; Galveston, etc., R. R. Co. v. Bohan, 47 S. W., 1051; Alukamp v. Gallagher, 24 S. W., 372; Austin, etc., Ry. Co. v. Grothe, 88 Texas, 263; 17 Cyc., 71-73, and authorities cited in note 93, p. 73.

If the rejected testimony was not as a whole material and relevant, certain portions of it were of that character, and it was prejudicial error to refuse to permit the defendant to read such parts to the jury. Galveston, H. & S. A. Ry. v. Gormley, 91 Texas, 401; Neyland v. Benby, 69 Texas, 713; Lott v. King, 79 Texas, 298.

Defendant was entitled to a verdict if the jury found in its favor on any one or more of the combinations of fact relating to plaintiff's contributory negligence which it pleaded and introduced evidence tending to establish. International & G. N. R. R. Co. v. Lehman, 30 Texas Civ. App., 3; St. Louis Ry. Co. v. Sage, 98 Texas, 438; Missouri, K. & T. Ry. Co. v. Mills, 65 Texas, 74; Texas. & M. Ry. v. Hooten, 21 Texas Civ. App., 139; Dallas, etc., Ry. Co. v. McAllister, 41 Texas Civ. App., 131; Gonzales v. Adoue & Lobitt, 94 Texas, 125; City, etc., v. Gutta Percha, etc., Co., 88 S. W., 301; Texas Cent. R. Co. v. Walde, 101 S. W., 518; Baker v. Ashe, 80 Texas, 356.

The correct rule of law relating to the matter is that if plaintiff caused said explosion by his own acts in the particulars enumerated in said paragraph of the charge, the defendant was necessarily guiltless of the character of negligence with which it was charged, and was for that reason alone entitled to a verdict, independent of any issue as to whether or not the plaintiff in so acting was guilty of negligence; and the charge in failing to so state, and in inferentially stating, that negligence on the part of plaintiff was a fact necessary to be established in said connection was erroneous and confusing to the jury and prejudicial to the rights of the defendant. Texas, etc., Ry. Co. v. Conroy, 83 Texas, 216; Kerschner v. Latimer, 64 S. W., 238; Liverpool, etc., Ins. Co. v. Joy, 62 S. W., 546; Dillingham v. Telling, 24 S. W., 1094; Houston & E. W. T. Ry. Co. v. Greer, 53 S. W., 58, 22 Texas Civ. App., 5.

The charge as given is erroneous because it leaves it to the jury to infer, and by inference states, that if the plaintiff did, or omitted to do, acts which caused his injuries, the defendant would still be liable unless such conduct on the plaintiff's part amounted to negligence. Dallas, etc., Ry. Co. v. McAllister, 41 Texas Civ. App., 121; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Texas & P. Ry. Co. v. McCoy, 90 Texas, 264.

*W. W. Moore* and *Allen & Hart,* for appellee.—The interrogatories themselves were inadmissible for the reason that they called for incompetent testimony, and the answers simply stated conclusions of the witnesses and usurped the functions of the jury. Sonnefield v. Mayton, 39 S. W., 166; 5 Ency. of Evidence, 526; Purnell v. Gandy, 46 Texas, 199; Woosley v. McMahon, 46 Texas, 64; Lott v. King, 79 Texas, 300.

In order to constitute contributory negligence on the part of the appellee, the jury must determine that the appellee had done something that an ordinarily prudent man would not have done under the same or similar circumstances; or left undone something that an ordinarily prudent man would not have left undone under the same or similar circumstances. St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 95; Denham v. Trinity County Lumber Co., 73 Texas, 83; International & G. N. R. R. Co. v. Dyer. 76 Texas, 160; Ball v. City of El Paso, 5 Texas Civ. App., 221.

Mr. Justice Ramsey delivered the opinion of the court.

This case comes to us on certified question from the Court of Civil Appeals for the Third Supreme Judicial District. While the certificate states the questions on which a ruling is desired with admirable clearness, the statement of these questions, the manner in which they arose and the facts concerning them, together with the opinion of the majority of the court, as well as the dissenting opinion of Chief Justice Key, make altogether so lengthy a certificate that, for the sake of rendering our opinion less voluminous, we shall not, as is frequently done, insert same in its entirety, but will undertake to make a brief statement of the case and the questions certified. It appears from the recitals and statements made in the certificate filed herein that on January 7th, 1907, appellee, a locomotive engineer was seriously injured by the explosion of the firebox and boiler of the engine which he was at the time operating. On the trial of the suit, brought against appellant for such injuries, appellee recovered a judgment in the District Court of Travis County in the sum of $20,000. The Court of Civil Appeals reversed this judgment, but there was a substantial disagreement among the members of that court in respect to the reasons and grounds on which their judgment and conclusion was based. While the petition on which the case was tried contained many allegations of various acts of negligence, but two issues as grounds of recovery were submitted to the jury. These were (1) whether or not the firebox, which collapsed and caused the injuries, was improperly constructed in any of the respects alleged by appellee, and (2) whether or not the appellant negligently permitted the firebox to become out of repair, defective, dangerous and unfit for use, thereby causing the explosion. Among other things appellant pleaded contributory negligence in that (1) appellee negligently permitted the water in the boiler to get below the crown sheet whereby it became overheated by reason of which it was caused to explode. (2) That while the boiler was thus overheated appellee negligently turned water in same thereby causing the explosion, for which reasons he was precluded, as they averred, from a recovery. Two of the questions certified involve and require a decision by us of the correctness of certain paragraphs of the court's charge hereinafter more particularly designated. To the end that the accuracy of these charges in respect to which there was a difference among the members of the Court of Civil Appeals may be fairly considered and treated, it is deemed advisable to set out substantially the entire charge. The important parts of the charge are as follows:

"It was the duty of the defendant company to use ordinary care to

provide and maintain reasonably safe appliances and machinery with which plaintiff was required to do the work he was employed to do, and the failure to use such care would be negligence on the part of the defendant company; and if the defendant was guilty of negligence in this respect, and the plaintiff was injured in any of the respects alleged by him in his petition because of such negligence (if any) the defendant would be liable to the plaintiff in damages for such injuries, unless the plaintiff himself was guilty of contributory negligence which concurred with the negligence (if any) of the defendant, its agents or employees in causing the injury (if any) to plaintiff.

"It was the duty of the plaintiff in performing his duties as a locomotive engineer to use ordinary care for his own protection; and a failure to use such care would be negligence on the part of plaintiff, and plaintiff can not recover from defendant any damages resulting to him by reason of his own negligence or which resulted from the negligence, if any, of the defendant, if plaintiff's own negligence contributed to or combined with defendant's negligence in causing his injuries.

"7. If the jury find from a preponderance of the evidence that on the 7th day of January, 1907, the plaintiff was employed by defendant as a locomotive engineer, and that on said date while the plaintiff was engaged in the performance of his duties as said locomotive engineer for the said defendant company as alleged by him, the firebox of the engine which plaintiff was running collapsed, exploded and went to pieces, and the jury further find from a preponderance of the evidence that by reason of said explosion of said firebox, as aforesaid, the plaintiff was injured in some of the respects as charged in his petition, and the jury further find from a preponderance of the evidence that the explosion of the said firebox of said engine was caused by the improper construction of said firebox in some of the respects alleged by plaintiff, and that by reason of said defective construction (if any there was) said firebox exploded and gave way, as alleged by plaintiff, and the jury further find from a preponderance of the evidence that said defective construction (if any defective construction there was) of the firebox of said engine was unknown to the plaintiff, but was known to the defendant, at the time of the explosion, or by the use of ordinary care the defendant company could have ascertained the true condition of said engine, and the jury further find from a preponderance of the evidence that the defendant company failed to use ordinary care to ascertain the condition of said engine, and the jury further find from a preponderance of the evidence that by the use of ordinary care the defendant company could have ascertained the defective condition of the firebox of said engine (if it was defective) in time to avoid the said explosion of said engine, and the jury further find from a preponderance of the evidence that the injuries (if any) to plaintiff were caused directly and proximately by reason of the defective construction, if any, of the said firebox on said engine, then the jury will find for plaintiff on this issue, unless they find for the defendant on the issues of contributory negligence submitted to them.

"8. If the jury find from a preponderance of the evidence in this

case that the defendant company negligently permitted the firebox of the said engine operated by plaintiff at the time of the accident to become out of repair, defective, dangerous and unfit for use, as alleged by plaintiff, and the jury further find from a preponderance of the evidence that said negligence, if any, of the defendant company in permitting said firebox to become out of repair was the direct and proximate cause of the explosion of said firebox, and was the direct and proximate cause of the injuries (if any) to plaintiff, and the jury further find from a preponderance of the evidence that said defective condition (if any defective condition there was) of said firebox was unknown to plaintiff at the time of the explosion, then the jury will find for the plaintiff upon this issue, unless they find for the defendant upon the issues of contributory negligence submitted to the jury.

"9. If the jury find from a preponderance of the evidence in this case that the plaintiff, while running and operating the engine No. 443 on January 7, 1907, allowed the water in the boiler of said engine to get below the crown sheet of the said engine, and that the crown sheet of said engine did, because of said fact, become heated to a high temperature, and that in this condition the metal composing said crown sheet and the radial stays and stay bolts fastening said crown sheet to the mechanism became so expanded and overheated that the said engine was in a weak and dangerous condition to be operated, and that the jury further find from a preponderance of the evidence that an ordinarily careful and prudent person, under the same or similar circumstances would not have allowed the water in the boiler of said engine to get below the crown sheet of said engine, and the jury further find from a preponderance of the evidence that the permitting of the water in the boiler (if it was permitted) of the said engine to get below the crown sheet of said engine caused or contributed to producing and causing the injuries to plaintiff, then the jury will find for defendant, even though they may find from a preponderance of the evidence that the defendant, its agents and employees were guilty of negligence in regard to said engine, and that such negligence (if any) may have also contributed to plaintiff's injuries.

"10. If the jury find from a preponderance of the evidence in this case that the plaintiff allowed the water in the boiler of said engine to get below the crown sheet of the said engine, and that by reason thereof the crown sheet of said engine became heated to a high temperature, and that while said engine and parts thereof were in the said condition plaintiff turned water into the boiler of the said engine upon the overheated metal (if it was overheated) composing the crown sheet, the radial stays and stay bolts and other parts thereof, as alleged by defendant, and the jury further find from a preponderance of the evidence that the turning of the water (if it was turned) into the said boiler of the engine caused said firebox to explode or collapse and thereby caused and contributed to producing the injuries of which he complains in this suit, and the jury further find from a preponderance of the evidence that an ordinarily careful and prudent person under the same or similar circumstances would not have turned the water in the boiler of the said engine while it was in an overheated condition

(if it was in such condition), then the jury will find for the defendant, even though they may find from a preponderance of the evidence that the defendant, its agents and employees were guilty of negligence, if any, in regard to said engine, and that such negligence, if any, may also have contributed to plaintiff's injuries."

It further appears from the certificate before us that no special charges were given or requested.

1.  Now the first question submitted to us is: "Did the trial court commit error in the 10th paragraph of the charge to the jury, as held by the majority opinion of this court, or was said charge free from the objection urged, as held in the dissenting opinion?" Our answer is that there was no affirmative error contained in the paragraph of the court's charge referred to, but that, interpreting the same in the light of the facts, as stated in the certificate, and construing same with reference to the entire charge of the court, it furnished no occasion or ground for a reversal. We think this view and conclusion is well supported by the following authorities: Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679; Texas & P. Ry. Co. v. Brown, 78 Texas, 397; Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; Parks v. San Antonio Traction Co., 100 Texas, 222; Yellow Pine Oil Co. v. Noble, 100 Texas, 358.

2.  The next question certified is: "In view of all the court's charge relating to the subject, did the court commit error in the 7th and 8th paragraphs of its charge, wherein the jury were instructed, if they found certain facts, to find for the plaintiff, 'unless they find for the defendant on the issues of contributory negligence submitted to them.' In other words, was the use of the word 'issues,' as used in these paragraphs of the charge, calculated to lead the jury to believe, or leave them in doubt upon the subject, that in order to find for the defendant it would be necessary to find that the plaintiff was guilty of both acts of contributory negligence which were submitted in the court's charge? Stating the question differently, did the majority of the court rule correctly when it overruled the assignment of error which complained of the charge on the ground referred to, or should that objection have been sustained, as held in the minority opinion?"

We answer that there was no error of a substantial character in the charge complained of and quoted above and that the holding of the majority in respect to these portions of the court's charge was correct. In this connection it should always be remembered that in interpreting charges, as other instruments, they must be read and considered altogether and particular paragraphs of same construed with reference to the entire charge. When these paragraphs are construed in connection with the 9th and 10th paragraphs of the court's charge, it seems to us obvious that no jury could or would have been misled thereby, nor is it probable that appellant's rights were prejudiced by the paragraphs of the charge complained of.

3.  The third question certified is: "Did the majority of this court rule correctly when it overruled the first and second assignments of error and held that the trial court ruled correctly when it sustained appellee's objections to the depositions of the witness John Stahmer, referred to in said assignments of error, or did the trial court commit error in the rulings referred to, as held in the dissenting opinion?"

In order to make a discussion and decision of this matter intelligible, it will be necessary to make a fairly full statement of the matter to which the inquiry relates. It appears from the recitals contained in the opinion of Chief Justice Key, which is embraced in the certificate, that the appellant had propounded written interrogatories to this and several other witnesses. Among others, additional direct interrogatories Nos. 7 and 8 were propounded to this witness which are as follows:

" 'Additional Direct Interrogatory No. 7: In this case the plaintiff alleges that the boiler, firebox, bolts, radial stays, taps, threads, stay bolts, crown sheets, sides and flues of G. H. & S. A. engine No. 443, which exploded or collapsed near Curry, Texas, January 7th, 1907, were old, worn, broken, cracked, crystallized, of inferior metal, improperly constructed, out of repair, defective, dangerous and unfit for use at the time of said explosion. Please state whether you have made such an examination of the remains of said engine, or whether you made such examination of it prior to said accident as enables you to give an opinion, or state as a fact whether or not said allegations are true or false, or whether or not they are in part true and in part false.'

" 'Additional Direct Interrogatory No. 8: If you have answered yes to the last question, please state whether in your opinion all of said allegations are true or false, and your reasons for so thinking; and if you think that some are true and others are false, please state specifically and in detail which you think are true, together with your reason for thinking same true, and which of same are false, together with your reason for thinking same false.' "

To which the witness Stahmer made the following answers:

" 'Answer to Interrogatory No. 7: I made such an examination of this engine prior to the explosion as to enable me to give an opinion as to the truth or falsity of the allegations in this question.'

" 'Answer to Additional Direct Interrogatory No. 8: In my opinion all of the allegations concerning the firebox, bolts, radial stays, threads, stay bolts, crown sheet are untrue. My inspection of these parts of this boiler showed the same to be in first-class condition and not defective, dangerous or unfit for use; there were no leaks in the boiler at the time of my inspection, which means the boiler was in good condition and ready for service. I refer to the inspection on the morning of January 7th, 1907. My reasons for so thinking are, no such defects showed up on inspection. It was my duty to find any such defects and my inspection failed to find them. There was nothing in or on the boiler to indicate such defects.' "

It may be well contended, as seems to have been held by the entire court, that the answers of this witness in so far as he was asked to state whether the allegations of negligence were true or untrue, might have been rejected as an evident assumption on the part of the witness, of the function properly belonging to the jury, and as being a decision of the issuable facts of negligence which it was the duty of the jury to determine. That the following portion of the answer of the witness Stahmer was admissible we think there can be no sort of doubt: "My inspection of these parts of this boiler showed the same to be in first-class condition and not defective, dangerous or unfit for use; there were

no leaks in the boiler at the time of my inspection, which means the boiler was in good condition and ready for service. I refer to the inspection on the morning of January 7th, 1907. My reasons for so thinking are, no such defects showed up on inspection. It was my duty to find any such defects and my inspection failed to find them. There was nothing in or on the boiler to indicate such defects." It appears .from the certificate that this witness had qualified as an expert and that his testimony was not subject to objection on this account. It also appears that the sole objection made on the trial was that "it was improper and usurping the functions of the jury for the witness to make any statements about the truth or falsity of the allegations contained in the plaintiff's pleadings, and that it was improper and usurping the functions of the jury for the defendant's ·counsel to ask any question about their truth or falsity, that being a matter for the jury to pass upon." It is further stated in the certificate that "the defendant was not allowed to read same in evidence or to read in evidence any part of said interrogatories or any part of the answers to any of them." It is a familiar principle that where one makes a single objection, or particular objections, to testimony that he will be held to waive other objections not made. It is also a settled rule, fixed both by statute and often approved in the decisions of this court, that objections which go to the manner and form of taking the deposition must be made in advance of the trial and in writing. It might well be held that so much of the answer of the witness as is last quoted was not responsive to the interrogatories, but, as stated by Chief Justice Key, this testimony was intelligible of itself and without reference to the inquiry which elicited it. Under the facts stated and appearing in this certificate it was germane to the question under investigation and directly and pertinently supported the contention of the railway company, and was, as we believe, properly receivable in evidence.