## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. MARTIN.

(Court of Civil Appeals of Texas. Dallas. Nov. 29, 1913. Rehearing Denied Dec. 20, 1913.)

1. DAMAGES (§ 132*)—EXCESSIVE DAMAGES—AMPUTATION OF FOOT.

A verdict of $10,500 to a brakeman earning $100 a month for the loss of his foot, the attendant pain and mental anguish, the diminution of his earning capacity, and his loss of time and medical expenses, was not so excessive as to indicate passion or prejudice in the jury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In a brakeman's action for injuries, an instruction that if, while discharging his duties, he attempted to get upon the train by stepping upon a step upon the tender provided by defendant, and that when he stepped upon it his foot slipped and he was caught under the wheels and injured, and that if such step was made of wood which had worn so that it did not present a square surface, but slanted downward and made it easy to slip therefrom, and dangerous to use in attempting to board the tender, and that its maintenance in such condition was negligence, proximately causing the injury, plaintiff could recover, was not objectionable as a charge upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

3. MASTER AND SERVANT (§ 293*)—ACTION FOR INJURIES—INSTRUCTIONS—NEGLIGENCE.

Nor was such charge objectionable as authorizing a verdict in favor of plaintiff, even though the defendant had exercised ordinary care to equip the tender with a proper step and to keep the same in repair.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1156, 1158–1160; Dec. Dig. § 293.*]

4. MASTER AND SERVANT (§ 278*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—CONDITION OF STEP.

In a brakeman's action for injuries, evidence held sufficient to show that on account of use and wear the outer top edge of a step on a tender had worn off, so that instead of presenting a square edge on top it slanted downward.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

5. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES — QUESTION FOR JURY — NEGLIGENCE.

Whether the wearing down of the step of a tender, so as to slant downward instead of presenting a square edge on top, made it more likely that one's foot would slip therefrom, and whether the maintenance of the step in such condition for the use of employés was negligence, were questions for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

6. MASTER AND SERVANT (§ 278*)—ACTION FOR INJURIES—QUESTION FOR JURY—SCOPE OF EMPLOYMENT.

In a brakeman's action for injuries by slipping from a worn step on the tender as he was attempting to board after opening a gate, evidence held sufficient to show that at the time of his injury he was in the discharge of his duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

7. MASTER AND SERVANT (§ 278*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—STEP PROVIDED FOR USE OF EMPLOYÉS.

In such action, evidence held sufficient to show that such step on the tender was provided for the use of employés in going upon the tender and train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT.

An assignment of error, not followed by a sufficient statement of the evidence tending to support it, as required by Courts of Civil Appeals Rule 31 (142 S. W. xiii), is not entitled to consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

9. TRIAL (§ 255*)—INSTRUCTIONS—REQUESTED INSTRUCTIONS.

An error of omission in the court's general charge should be supplied by a request for a correct special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

10. TRIAL (§ 242*)—INSTRUCTIONS—CONFUSING INSTRUCTIONS.

In a brakeman's action for injuries by slipping from a worn step on the tender, a charge that, unless the jury found the existence of all the facts enumerated in a previous paragraph of the charge, to return a verdict for defendant, objected to on the ground that whereas defendant was entitled to a verdict unless the step was negligently maintained and was the proximate cause of the injury, irrespective of the jury's belief of the other matters submitted in the charge, was not confusing.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

11. APPEAL AND ERROR (§ 1170*)—GROUND FOR REVERSAL—INSTRUCTIONS—FACTS PRESENTED.

A charge correct in law, which directs a verdict for the defendant on the finding of certain facts, is not ground for reversal, though the defense could be sustained by a finding of fewer facts than were embraced in the hypothesis.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

12. APPEAL AND ERROR (§ 216*)—OBJECTION BELOW—NECESSITY OF REQUEST FOR INSTRUCTIONS.

Such a defect is one of omission, unavailable in the absence of a requested charge.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

13. APPEAL AND ERROR (§ 1033*)—PARTY ENTITLED TO COMPLAIN—ERROR FAVORABLE TO PARTY.

In a brakeman's action for injuries, a charge that plaintiff could not recover unless the jury should find from a preponderance of the evidence the existence of all the facts enumerated in a previous paragraph of the charge, if erroneous as submitting facts about which there was no dispute, was favorable to defendant, so that it could not complain thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

**14. TRIAL (§ 296*)—INSTRUCTIONS—CURE OF ERROR—ASSUMPTION OF REASON.**

In a brakeman's action for injuries from slipping from a step on the tender, a charge that plaintiff in entering defendant's service assumed the risks ordinarily incident thereto, but not those growing out of the defendant's negligence, if objectionable as stating an abstract proposition of law, yet when considered with a special charge for defendant that if plaintiff was injured, and his injury was the result of a risk ordinarily incident to the character of his employment, he could not recover, correctly submitted that issue.

[Ed. Note.—For other cases, see Trial. Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

**15. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.**

In a brakeman's action for injuries, where it appeared that he had lost all the time between the injury and the trial, that he had been earning from $100 to $115 per month, that a part of his foot was amputated so that he had been unable to earn anything, and that he had intended to continue as a brakeman, a charge that, in estimating the damage, the reasonable value of the time lost in consequence of his injury might be considered, was not inapplicable to the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

**16. TRIAL (§ 203*)—INSTRUCTIONS—CONFORMITY TO ISSUES.**

Where two or more grounds of negligence are alleged as the basis of the plaintiff's action, and the court submits the case only upon one of them, the other ground of negligence is thereby withdrawn from the jury's consideration, and the defendant is not entitled to have any special charge relating thereto read to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

**17. MASTER AND SERVANT (§ 110*)—ACTION FOR INJURIES—CHARGE—NEGLIGENCE.**

In view of Rev. Civ. St. 1911, art. 6713, requiring railroads to equip their engines and tenders with foot stirrups, and in view of defendant's nonperformance of such duty, its requested instruction, that it was not required to maintain foot stirrups upon its engines or tenders, was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 214, 214½; Dec. Dig. § 110.*]

**18. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS—GIVEN INSTRUCTIONS.**

Special charges requested by defendant were properly refused, where the subject-matter thereof had been sufficiently charged in the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**19. NEGLIGENCE (§ 101*)—CONTRIBUTORY NEGLIGENCE—EFFECT.**

In view of Rev. Civ. St. 1911, art. 6649, providing that plaintiff's contributory negligence shall not absolutely bar his recovery, but should merely diminish his damages proportionately to his negligence, a requested charge that, if plaintiff was guilty of contributory negligence, he could not recover, was properly refused.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164; Dec. Dig. § 101.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by F. M. Martin against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and Scott & Ross, of Waco, for appellant. V. L. Shurtleff, of Hillsboro, and W. F. Ramsey and Chas. L. Black, both of Austin, for appellee.

TALBOT, J. F. M. Martin brought this suit against appellant to recover damages, alleging, in substance, that on the 7th day of December, 1912, he was in the employ of appellant in the capacity of brakeman and working on one of its trains then being operated between Corsicana, in Navarro county, Tex., and Hillsboro, in Hill county, Tex.; that when this train reached a point near the station of Mertens, in Hill county, where appellant's road crosses the railroad of the International & Great Northern Railway Company, it became necessary and was the duty of plaintiff, as appellant's brakeman, to open a gate situated and maintained on appellant's right of way, and then to get back upon appellant's said train; that in attempting to get back upon the train, the same being then in motion, he stepped upon a step, attached to the front end of the tender, which was provided by appellant for the use of its servants and employés in getting upon said tender and train; that when the plaintiff, in his effort to go upon said train, stepped upon said step, his foot slipped from the same, resulting in one of his feet being caught underneath the wheel of the train and injured; that his said foot was mashed and mangled, cut and torn in such a way that it was rendered necessary to amputate a large portion thereof; that such operation was attended with great pain, mental anguish, etc., and his capacity to labor and earn money for all future time is greatly diminished; that at the time of the injury he was earning $100 per month, and that he had lost time and would continue to lose the same, which is reasonably worth $100 per month, and had expended $50 for drugs and medicine. Plaintiff alleged that, at the time of the accident, the defendant railway company was engaged in intrastate commerce, and that it was its duty, under the laws of the state of Texas, to provide said tender with a good and sufficient foot stirrup and to keep the same in proper repair; that defendant failed to provide and keep and maintain such stirrup upon said tender, but provided and maintained a step of a different kind, which was insufficient and more unsafe and rendered the hazard of slipping from said step and being injured much greater than it would have been if the same had been a foot stirrup; and that the failure to have said tender properly equipped with a foot stirrup was negligence on the part of the defendant and the proximate cause of plaintiff's injury. Plaintiff further alleged that, if he was mistaken in the al-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

legation that defendant's train was engaged in intrastate commerce, then the same was engaged in interstate commerce, and that under the laws of the United States it was the duty of defendant to have said tender equipped with a good and sufficient foot stirrup, etc., and that the failure to do so was negligence and the proximate cause of plaintiff's injury. Plaintiff also alleged that the defendant was negligent in maintaining the step in a dangerous and unsafe condition for the use of persons attempting to use it; that the step was of wood, had grown old and rotten and worn in such a way that the same slanted and did not present a square surface or edge, but slanted downward and rendered it more likely and very easy for one's foot to slip, which condition and negligence caused the injury; that the defendant was negligent in maintaining the step at a height from the ground which rendered it difficult and dangerous to use; and that it maintained only one step, instead of two, which negligence caused the injury; that the defendant was negligent in not bringing its train to a full stop before crossing the International & Great Northern Railroad track; that, if it had done so, plaintiff could have boarded the train while it was not in motion, which negligence and failure plaintiff alleged caused his injury.

The defendant answered by general demurrer, special exceptions and general denial, and specially pleaded that the plaintiff was acting in violation of the rule of the defendant when he attempted to board said train at the time and place he did; that under the rule of defendant he was required to board the rear end of the train, and in attempting to board the train in violation of the rule, and while the train was in motion, plaintiff was guilty of contributory negligence; that it was the custom and the plaintiff's duty to board the train at the rear, and in failing to do so he was guilty of contributory negligence and ought not to recover; that the plaintiff's injury, if he was injured, was caused from attempting to board defendant's train while it was in motion; and that by reason of his employment he assumed the risk of injury. Plaintiff filed a supplemental petition, replying to defendant's answer, in which he pleaded a general demurrer, a general denial, and specially that, if the defendant promulgated the rule mentioned in its answer, the same was never known to the plaintiff, or made known to him in any manner whatever; that if such rule had been promulgated it had never been enforced or obeyed; that it was systematically and customarily disobeyed and never followed by any of its employés; and that thereby the rule had been abrogated. The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $10,500, and, defendant's motion for a new trial being overruled, it appealed.

[1] The first and second assignments of error are grouped, and assert, respectively, that the undisputed evidence shows that there was no negligence on the part of the defendant, and that the verdict of the jury is excessive. Waiving any objection that might be urged to a consideration of these assignments on the ground that they are too general and cannot be grouped because presenting different and distinct questions for decision, we hold the evidence was sufficient to show negligence on the part of appellant, and that the verdict, while large, is not so excessive as to indicate that the jury were influenced in arriving at the amount awarded by passion, prejudice, or other improper motive.

[2, 3] The court, after properly defining negligence, instructed the jury in the second paragraph of the main charge as follows: "Now if you believe from a preponderance of the evidence that on or about the 7th day of December, 1912, the plaintiff, F. M. Martin, was a brakeman in the employ of the defendant, and that, while in the proper discharge of his duties as such brakeman, he attempted to get upon defendant's train by stepping upon a certain step located upon the tender of said train, and that said step was provided by the defendant company for the train, and that when the plaintiff stepped upon the said step his foot slipped from same, and on said account his foot was caught underneath the wheel of said train and was injured as alleged in his petition; and if you further believe from a preponderance of the evidence that the said step was made of wood, and the said wood had grown old and worn in such a way that the same did not present a square surface or edge for one to step upon, and that the same slanted downward and rendered it more likely and very easy for one's foot to slip from said step, and that by reason of such condition, if such conditions there were, the said step was made dangerous and unsafe for the use of persons in attempting to use it in the manner the plaintiff was using it; and if you further believe from a preponderance of the evidence that said step was so maintained by the defendant at the time plaintiff was injured, and that the maintenance of same in such condition, if you find it was so maintained, was negligence, and that as the direct and proximate result of such negligence, if any, plaintiff was injured in the manner alleged in his petition—you will find for the plaintiff, unless you find for the defendant under other instructions given you." Appellant contends that this charge is erroneous because: (1) It is upon the weight of the evidence; (2) because it submits to the jury the issue as to whether or not the plaintiff was in the discharge of his duty at the time he attempted to board the defendant's engine, there being no evidence that such was his duty; (3) because it submits the issue as to whether or not the step in question was provided by the defendant

company for the use of its employés in going upon the tender and train, there being no evidence to authorize the submission of such issue; (4) because it submits the issue as to plaintiff's getting upon defendant's train by stepping upon a certain step located upon the cab of the train in question, whereas, there is no evidence that any step was attached to the cab of said train; (5) because it submits the issue as to plaintiff's stepping upon a step and slipping from a step maintained on the tender of said train, when there was no evidence that any step was so maintained; (6) because it submits the issue of whether or not the said step slanted downward and rendered it easy and more likely than otherwise for one's foot to slip from the same, when there was no evidence in the record authorizing the submission of such issue; and (7) because the charge authorized a recovery on behalf of plaintiff, even though the defendant had exercised ordinary care to equip the engine or tender with the proper step and to keep the same in repair.

The charge of the court is not subject to the criticism that it was upon the weight of the evidence, authorized a verdict in favor of the plaintiff even though the defendant had exercised ordinary care to equip the tender with a proper step and to keep the same in repair, and submitted the issue as to plaintiff's getting upon defendant's train by stepping upon a step attached to the cab of the train in question. As will be observed, the paragraph of the charge assailed said nothing about a "step located upon the cab of the train," but only to the step attached to the tender, and required the jury to find, in order to return a verdict in favor of the plaintiff, that the defendant had equipped the tender in question with a step made of wood, and that it had grown old and worn in such a way "that the same slanted and rendered it more likely and very easy for one's foot to slip from said step, and that by reason of such condition * * * the said step was made dangerous and unsafe," etc., and that the maintenance of such a step was negligence, and such negligence the proximate cause of plaintiff's injuries. It conclusively appeared that the tender was equipped with a wooden step and not with a foot stirrup, and there was ample evidence to raise the issue that said step did not present a square surface, but that it was worn and slanted in such a manner as rendered it more likely that a person's foot would slip therefrom when used to board the train than if the step presented a square unworn surface or edge. Plaintiff testified: "That step was just a plain board step, not a foot stirrup. I think the step was about six inches wide and about 16, perhaps 18, inches long. The only thing I noticed with reference to the condition of the step at the time I attempted to board it was that it was rounding, not square. It was worn. The edge of the step was rounding and did not present a square surface. A foot stirrup is made of iron. It would be impossible for your foot to slip from a foot stirrup. It could not slip from the side. It does not wear off rounding like wood." W. A. Harrison testified: "When this step, which was taken off of engine 192, and which was on the engine on the day that Mr. Martin slipped from it and was injured, was turned out of the shop and was first put on that engine, this top edge was not as rounding at it is at this time. It was just about as square as the bottom edge. The wear on it caused the rounding condition which I find here now." It appears from the statement of facts that this step had been taken off the engine and was exhibited before the jury, and, moreover, that a picture had been taken of the engine with the step on it, and that these were exhibited before the jury and the trial court. The picture was referred to in their testimony by several of the witnesses. The objection, therefore, that there was no evidence to warrant the submission of this issue, is without merit.

[4] From the evidence quoted it is clear that on account of use and wear the outer top edge of the step had worn off, and that, instead of presenting a square edge on top, it showed a rounded edge which necessarily caused the step to slant downward toward the front.

[5] Now, whether the step in this condition made it more likely that a person's foot would slip therefrom than if the step presented a square unworn surface or edge, and whether the maintenance of the step in such condition for the use of its employés was negligence, were questions of fact for the determination of the jury.

[6, 7] That the evidence was abundantly sufficient to warrant the conclusion that the plaintiff, at the time he slipped and received the injuries complained of, was in the discharge of his duty, and that the step in question was attached to the tender and provided for the use of defendant's employés in going upon said tender and train, there can be no question. Plaintiff testified that at the time of the injury he was a brakeman in the employ of defendant; that he was injured at or near Mertens, Tex., where the defendant's line crosses the line of the International & Great Northern Railway Company; that there was a gate across the track; that this gate was always closed over one of the tracks; that when a train wanted to cross the employés would pull the gate around over the other track; that no one was kept there to move the gate; but that it was the duty of train brakemen to operate it when their trains approached. He further testified that on the morning of the injury it was closed against his train, and that under such circumstances it was the duty of the brakeman to get off the train and open it; that that was the custom.

on all defendant's trains; that on the morning of the injury they did some switching about a quarter of a mile from the crossing, putting some cars in on a siding; and that when the engine came onto the main track again to go back and get the train it was only about a hundred yards from the switch; and that it was then the custom for one of the brakemen to get off and open the gate while the engine went back after the train to bring it up; that he got off and swung the gate across the International & Great Northern track; and that, while he was doing this, the engine, as usual, went back after the train to bring it through the gate; that when the engine had gone back to the train it was about a half mile from the gate; and that always when they started they never stopped in coming through the gate, but went right on into the town of Mertens, west of the gate; and that when it came through the gate it always had up some speed probably five or six miles per hour; that he walked back toward the engine after opening the gate so he could catch it at a good place, and before it got to running too fast; that he caught the engine on the step provided on the tender; that this step was on the right-hand side and toward the front of the tender; and that, when he caught the handhold and lifted himself onto the step, his foot slipped off of it and he was injured. He further testified that the step was not provided with a foot stirrup, and that its edge was rounded off by use, and it did not present a square surface for the foot; that a foot stirrup was a contrivance such as a saddle stirrup, and that one's foot could not slip off of it; that it was necessary for him to get on the engine at the time he did because they had some cars to set out at Mertens, and because he knew that the train would be going faster if he waited for the rear of the train and then got on. Defendant introduced a rule showing that the proper position of the rear passenger brakeman was on the rear of his train. The evidence is undisputed that Martin was not a rear passenger brakeman. The train was a mixed train, and it appears without dispute that Martin had nothing to do with the passengers. It was his duty to assist with the freight cars. In this connection appellant makes the following statement in its brief of the evidence: "The undisputed evidence shows that the step was made of wood, and that on or about the 7th day of December, 1912, the plaintiff was a brakeman in the employ of defendant, and that he attempted to get upon defendant's train by stepping, and that the step was provided by defendant company for the use of employés in going upon the tender and train, and that the plaintiff's foot slipped, and that on said account his foot was caught underneath the wheel of the train."

[8] Appellant's fourth assignment of error relates to the question of contributory negli-

gence and is not followed by a sufficient statement of the evidence tending to support the same as required by rule 31 (142 S. W. xiii) and is not entitled to consideration.

[9] The error complained of, however, is one of omission in the court's general charge, and the omission should have been supplied by a correct special charge requested by defendant.

Appellant's fifth assignment of error presents a question raised by its third assignment, just discussed, and is disposed of by what we have already said.

[10] The sixth assignment complains of the third paragraph of the general charge, which informs the jury that, unless they find from a preponderance of the evidence the existence of all the facts enumerated in the second paragraph of the charge, to return a verdict for the defendant. The complaint appears to be that many of the things submitted in the third paragraph of the charge were undisputed, and the jury were bound to believe their existence, and under said charge, if the jury believed the existence of any of said admitted things, they could not find for the defendant, whereas, the defendant was entitled to a verdict unless they believed that the step in question was negligently maintained and that such was the proximate cause of the injury, irrespective of whether they believed or did not believe the other matters submitted in said charge; that said charge is confusing and improperly presents the defendant's theory of the case. The charge is substantially a correct application of the law to the facts, is not confusing, and, nothing appearing indicating that the jury was misled by it, was not affirmative error.

[11, 12] In Railway Co. v. Haberlin, 104 Tex. 50, 133 S. W. 873, it is held that a charge correct in law, which directs a verdict for the defendant on the finding of certain facts, is not ground for reversal though the defense could be supported by a finding of fewer facts than were embraced in the hypothesis submitted; that such a defect is one of omission unavailable in the absence of a requested charge. Likewise, in Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136, our Supreme Court, following Railway Co. v. Wood, 69 Tex. 679, 7 S. W. 372, and Railway Co. v. Brown, 78 Tex. 402, 14 S. W. 1034, held that a charge which grouped conjunctively facts establishing distinct defenses and authorized a finding in favor of the defendant only on the establishment of all such facts, there being nothing in the record to indicate that the jury was misled by the charge, was not affirmative error; that the defect was one of omission which should have been corrected by a request for instructions submitting the defenses disjunctively.

[13] Touching the proposition that the charge is objectionable because it submitted to the jury matters of fact about which there was no dispute under the evidence, it may be

said that if this be true the error, if any, was favorable to appellant, and it has no just ground of complaint on that score. As argued by appellee's counsel, the charge in the respect referred to may have been prejudicial as to the appellee, since it instructed the jury that, unless appellee had proved certain things in said charge enumerated, he could not recover, whereas, in fact he had proved those things by the undisputed evidence. At all events, the error, if error at all, was not of such a character as was calculated to cause the jury to render a verdict which they otherwise would not have rendered.

[14] The court charged the jury that "when plaintiff, F. M. Martin, entered the service of the defendant company, he assumed the risks and dangers ordinarily incident to the service in which he was engaged, but he did not assume any risks growing out of the negligence of the defendant, if there was such negligence." This charge is objected to on the ground that it merely states an abstract proposition of law without applying it to the facts in evidence. If the charge was objectionable for the reason claimed, which is not admitted, yet when considered in connection with special charge No. 9, given at the request of appellant, it sufficiently and correctly submitted the issue of assumed risk. In said special charge No. 9 the jury were instructed that if they believed from the evidence that plaintiff was injured, and that his injury was the result of a risk ordinarily incident to the character of his employment, to find for defendant.

[15] The eighth assignment complains of that portion of the court's charge on the measure of damages wherein the jury were told, in effect, that in estimating plaintiff's damages to take into consideration the reasonable value of the time lost by him in consequence of his injuries. It is claimed that this portion of the charge was error because there was no evidence authorizing a finding that plaintiff had lost any time as a result of his injuries. Clearly, this view of the evidence is incorrect. Plaintiff testified that he was injured on the 7th day of December, 1912; that he had lost all the time since the day he was injured to the date of the trial of this case; that at the time he was injured he was earning from $100 to $115 per month; that a portion of his foot was amputated; and that he was not at the time of the trial, and had not been since he received his injuries, able to stand on his foot, and had not been able since the accident to earn anything. He further said: "I had been employed as a brakeman from October 1, 1912, up to the time of my accident and intended to continue in that line of employment."

[16, 17] The ninth and tenth assignments of error complain, respectively, of the court's refusal to charge the jury, as requested by appellant, that under the laws of the United States and the laws of the state of Texas defendant was not required to maintain foot stirrups upon its engines, tenders, or trains; that the steps provided and maintained on the engine in question complied with the laws relating to safety appliances; and that if the jury believed the defendant used ordinary care to keep such steps in a good state of repair, to find against the plaintiff on these issues. The court did not err in refusing to give these charges. The failure of the defendant to equip its train with foot stirrups was not submitted to the jury as a ground of negligence upon which a recovery could be based. It is a well-settled rule of practice in this state that where two or more grounds of negligence are alleged, as the basis of the plaintiff's action, and the court submits the case to the jury only upon one of those grounds, the same constitutes a sufficient withdrawal of the other ground or grounds of negligence from the consideration of the jury, and the defendant is not entitled to have any special charge relating to the question withdrawn read to the jury. Railway Company v. Ames, 94 S. W. 1112; Railway Company v. Archambault, 94 S. W. 1108. But in the instant case the court went further and gave, at the instance of appellant, an instruction to the effect that all grounds of negligence alleged and not expressly submitted to the jury, and all evidence relating to such grounds, were withdrawn from their consideration, and that they would only consider such issues as were submitted in the charge. The special charge, the refusal of which is made the basis of the tenth assignment, was an incorrect statement of the law. Under the laws of the state of Texas, it is made the duty of railway companies to equip their engines, cars, and tenders with foot stirrups, and the evidence was undisputed that this duty had not been performed by appellant. Article 6713, Rev. Civ. St. 1911.

[18] Nor did the court err in refusing to give the special charges requested by appellant and made the basis of assignments of error Nos. 11, 12, 13, and 14, because, if for no other reason, the court, in the general charge or special charges requested by appellant, had already sufficiently instructed the jury on the subjects to which said refused charges relate.

[19] The special charge referred to in the twelfth assignment was properly refused for the additional reason that it was erroneous, in that it instructed the jury in effect that if they should find that plaintiff did certain things, and that in doing them he was guilty of negligence, and such negligence caused or contributed to his injury, to find for the defendant, whereas, under the law of this state, although the jury might have believed the plaintiff was guilty of contributory negligence, the same would not bar his right of recovery absolutely, but would merely diminish the damages suffered by him in proportion to the amount of negligence attributable to him. Article 6649, Rev. Civ. St. 1911.

The other assignments of error are not followed by a sufficient statement, as required by rule 31, showing the evidence requiring the giving of the charges, the refusal of which is complained of, and will not be considered. Some, if not all, of them, however, have been disposed of against appellant by what we have said heretofore.

The evidence supports the verdict, the law of the case was fairly charged, and, no reversible error appearing, the judgment is affirmed.