## TEXAS & PACIFIC COAL CO. v. ERVIN.
### (No. 976.)

(Court of Civil Appeals of Texas. El Paso. May 8, 1919.)

1. MASTER AND SERVANT ⟜101, 102(2)—INJURY TO SERVANT—SAFE PLACE TO WORK AND TOOLS—DUTY TO EXERCISE ORDINARY CARE.

Where a servant alleged negligence on the part of the master in furnishing a defective pipe wrench, a charge that it is the duty of an employer to furnish reasonably safe tools, and that a failure to do so is negligence, was erroneous as making such duty absolute.

2. APPEAL AND ERROR ⟜1064(1)—HARMLESS ERROR—INSTRUCTIONS—UNDUE PROMINENCE.

In servant's action against a master for personal injuries, a charge giving undue prominence to the amount sued for *held* not commendable, although not reversible error.

3. MASTER AND SERVANT ⟜291(13) — INJURIES TO SERVANT — INSTRUCTIONS — PROXIMATE CAUSE.

In a servant's action for injuries by the slipping of a defective pipe wrench, causing him to be caught in exposed cogwheels, instructions *held* erroneous in failing to instruct the jury to find whether the defective wrench or the exposed cogwheels, or both, was the proximate cause of the injuries.

4. APPEAL AND ERROR ⟜213 — OBJECTIONS IN LOWER COURT—SUBMISSION OF ISSUES.

The error of the trial court in failing to submit the issue of proximate cause is one of omission and to be available as reversible error appellant must have presented a special charge curing the omission.

5. TRIAL ⟜191(10)—INSTRUCTIONS—ASSUMING FACTS.

In a servant's action for injuries, a charge assuming decrease in the servant's earning capacity as a proven fact from statement of a physician that plaintiff would always have a weak arm was erroneous, since the weakened condition of the arm need not necessarily decrease plaintiff's earning capacity.

6. TRIAL ⟜251(8) — INSTRUCTION—ASSUMPTION OF RISK—FAILURE TO PLEAD.

In a servant's action against a master for personal injury, where the defense of assumed risk was not pleaded, the court was not in error in failing to submit that issue.

Appeal from District Court, Eastland County; Joe Burnett, Judge.

Action by C. D. Ervin against the Texas & Pacific Coal Company. Verdict and judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. J. Oxford, of Thurber, and Penix & Miller, of Mineral Wells, for appellant.

J. R. Stubblefield, of Eastland, for appellee.

WALTHALL, J. This suit was brought by C. D. Ervin, appellee, against Texas & Pacific Coal Company, to recover damages for personal injuries sustained while in the employ of appellant in operating a gasoline engine and water pump.

Appellee alleged that it was a part of his duty in the line of his employment to operate a gasoline engine and water pump in drilling a well for oil and gas at Ranger, Tex.; that the gasoline engine was in bad repair; that on account of the water pump failing to properly pump the water it was necessary for him to unscrew a nut, tap, or pipe connected with the pump; that near the place where the said nut was to be unscrewed were stationed cogwheels connected with the machinery of the pump, and that in order for him to unscrew the nut it was necessary for him to come in close proximity to the cogwheels; that when the engine and pump were in operation the cogwheels moved very rapidly; that appellant furnished appellee a pipe wrench with which to unscrew the nut and to use generally. The negligence assigned is that the pipe wrench furnished him with which to unscrew the nut or tap was old, broken, worn, and defective; that while attempting to unscrew the said nut or tap the said pipe wrench, because of its defective condition, failed to take hold of the iron pipe, but slipped, causing appellee to fall on the open and exposed cogwheels, then in rapid motion, thereby causing the injuries of which he complained. Appellee also assigned as negligence that the place in which he was required to work was unsafe, because of the exposed cogwheels; that he (appellee), being inexperienced in the particular work in which he was then employed, did not fully realize the defective condition of the said pipe wrench.

The case was tried with the aid of a jury, resulting in a verdict and judgment against appellant. The case was submitted on special issues.

As a part of the main charge the court instructed the jury as follows:

"It is the duty of an employer to furnish reasonably safe machinery and tools with which his employés work, and a failure to do so is negligence on the part of the employer. Negligence is the doing of an act which an ordinarily prudent person would not have done under the same or similar circumstances, or the failure to

do something that an ordinarily prudent person would do under the same or similar circumstances. Now, bearing the above instructions in mind, answer the following questions: Question No. 1: Was defendant negligent in furnishing a pump with the cogwheels exposed? Answer 'Yes' or 'No.' Question No. 2: Was the wrench with which plaintiff was supplied by defendant, defective? Answer 'Yes' or 'No.' Question No. 3: If you answer question No. 2, above, in the affirmative, then answer: Was the defendant negligent in furnishing a defective wrench to plaintiff, to be used for such purpose as was necessary in the operation of the pumps? Answer 'Yes' or 'No.' Question No. 4: If you answer the above questions in the affirmative, and only in that event, then answer: Was plaintiff injured by reason of the negligence of the defendant? Answer 'Yes' or 'No.' Question No. 5: If you have answered that plaintiff was injured, then answer: How much money, if paid now, would reasonably compensate plaintiff for his injuries?"

The court then gave a charge on the measure of plaintiff's damages; instructed that the jury could find no damages unless the jury should find that the plaintiff's injuries, if any, were the direct and proximate result of the defendant's negligence, if any, followed by a charge on the burden of proof. The jury answered each question in the affirmative and assessed the damages at $5,000.

[1, 2] Appellant presents 17 assignments of error. The first complains of the portion of the charge first quoted, defining the duty of appellant to appellee in furnishing tools with which to work. The charge makes it the absolute duty of appellant to furnish appellee reasonably safe machinery and tools, and that a failure to do so is negligence. The extent of appellant's duty to appellee under the pleadings was to exercise ordinary care to furnish a reasonably safe pipe wrench and a reasonably safe place to work. The charge is affirmatively erroneous. The error in the charge is material and apparent when applied to several of the questions following. Appellant made seasonable objection to the charge before it was read to the jury, pointing out the objectionable paragraph, and excepted to the paragraph on the ground that the charge "imposes a duty on the defendant much more onerous than the law imposes." The objection made to the charge sufficiently points out the error. The second assignment complains of the charge as giving undue prominence to the amount sued for, because, in stating the case, the court stated the amount of the damages sued for. This, we think, while not to be commended, is not reversible error.

[3, 4] By a number of assignments appellant, on various grounds, complains of the foregoing charge submitting the issues to the jury. We will not discuss them singly, as to do so would extend the opinion to too great a length, and serve no good purpose. The same grounds of error will, no doubt, not arise on another trial. It was unquestioned that the cogwheels were exposed, and the jury found that it was negligence to so furnish them. The jury also found that the wrench furnished was defective, and that it was negligence to furnish the defective wrench. While the charge is somewhat confusing in submitting the fourth issue as to what negligent act of appellant caused the injury to appellee, it might well be inferred therefrom that the court intended to submit to the jury, and the jury found, that the injury was caused by one or the other or both of the negligent acts charged and submitted, and of each of which the jury found the company to be guilty. The court did not submit to the jury for their finding whether the exposed cogwheel, or defective pipe wrench, either or both, proximately caused the injury. The facts found seem to call for the submission of proximate cause. The jury might, from the evidence, say that it was negligence to furnish the unguarded cogwheels and the defective pipe wrench, and still not find that either or both of said negligent acts was the proximate cause of the injury to appellee. The rule is that, when one has violated a duty, the liability of the wrongdoer extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act. Seale v. Railway Co., 65 Tex. 278, 57 Am. Rep. 602; St. Louis, A. & T. Ry. Co. v. McKinsey, 78 Tex. 298, 14 S. W. 645, 22 Am. St. Rep. 54; however, the question presented here is: Did the failure of the trial court to define and present to the jury the issue of proximate cause show reversible error? The error was one of omission, and not of commission, and, to be available as reversible error, appellant must have presented a special charge curing the omission. Good v. Texas & Pacific Ry. Co., 166 S. W. 670; Bryning v. M., K. & T. Ry. Co., 167 S. W. 826; Van Geem v. Cisco Oil Co., 152 S. W. 1108; Modern Woodmen, etc., v. Yanowsky, 187 S. W. 728; Rabinowitz v. Smith Co., 190 S. W. 197. It has been the uniform holding that an error of omission in the court's general charge should be supplied by a request for a correct special charge. St. Louis S. W. Ry. Co. of Texas v. Martin, 161 S. W. 405.

[5] In stating the measure of appellee's damages, the court's charge includes the decrease in the earning capacity of appellee as a proven fact which the jury might consider. Dr. Terrell said that appellee would "always have a weak arm," giving the reason for it. Appellee's arm was exhibited to the jury in the explanation given of its condition when injured and the treatment of it. It still might be that the condition of the arm, weakened by the injury, might not necessarily decrease appellee's earning capacity; in other words, the fact of the decrease in the earning capacity of appellee is left to in-

ference and argument. While the criticism of the charge by appellant is sustained, we do not hold that the error would necessarily reverse the case.

[6] The defense of assumed risk was not pleaded, and the court was not in error in failing to submit that issue. I. & G. N. R. R. Co. v. Harris, 95 Tex. 346, 67 S. W. 315.

The court was not in error in refusing to give appellant's peremptory charge; nor was the court in error in refusing to enter judgment for appellant.

In view of another trial we will not discuss the assignment claiming the verdict and judgment to be excessive. For the reason stated in considering the first assignment, the case is reversed and remanded.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes